[Civil No. 1286.   Filed April 28, 1913.]

[131 Pac. 975.]

In the Matter of the Estate of PETER ANDERSON, Deceased   VIOLET HOUCK, Appellant, v. RUTH ANDERSON, Appellee.

1. WILLS—JOINT AND MUTUAL WILLS.—An instrument executed by husband and wife owning community property and having no issue, whereby each gave to the other all his or her interest in the prop-

erty, effective on his or her death with remainder over after the death of the survivor to the heirs at law of both, is a joint and mutual will.

2. WILLS—REVOCATION—MARRIAGE OF TESTATOR.—Under Civil Code of 1901, paragraph 4216, providing that, if after making a will the testator marries and the wife survives, the will shall be revoked unless provisions have been made for her by marriage contract, or unless she is provided for in the will, or is mentioned therein, so as to show an intention not to revoke, a will is revoked by the marriage of testator subsequent to the execution of the will provided the wife survives, in the absence of provisions for her in a marriage contract or in the will.

APPEAL from a judgment of the Superior Court of the County of Graham. G. W. Shute, Judge. Affirmed.

The facts are stated in the opinion.

Mr. W. K. Dial, for Appellant.

Messrs. Stratton & Lynch and Messrs. Kibbey, Bennett & Bennett, for Appellee.

ROSS, J.—Peter Anderson and Isabell Anderson, husband and wife, on the twenty-fifth day of August, 1902, being the owners of certain community property and having no issue, made and executed an instrument, bearing some of the characteristics of a deed, but clearly indicating by its recitals a testamentary purpose, inasmuch as it was to have no effect until after the death of the testators. Counsel for both parties unite in affirming its testamentary character and we think correctly so. It is reciprocal in its terms in that each purports to give all his interest in the common property to the other, effective upon his death, with remainder over after the survivor's death to the nearest heirs at law of both the testators. It is a joint and mutual will. Isabell Anderson died in 1903 and Peter Anderson died in 1911. The instrument was not probated as the will of Isabell Anderson, but after the death of Peter Anderson, the appellant, as one of the legatees of the will, asked that it be admitted to probate as the last will and testament of Peter Anderson. It was allowed by the probate court, but on appeal to the district court it was rejected.

It is the contention of the appellant that this joint and mutual will had the effect of constituting the survivor a trustee of all the common property for the use and benefit of the devisees named therein; that it was a testamentary contract based upon sufficient consideration, the consideration being that the property upon the death of the survivor should not succeed to his heirs as provided by law, but should pass in equal shares to the heirs of both the testators. Whether the instrument had the effect contended for by appellant we deem it unnecessary to decide for the reasons hereinafter stated.

Peter Anderson, in September, 1908, married the appellee, Ruth W. Anderson, and it is her contention that the will, even if valid, was revoked by such marriage.

Paragraph 4216, Revised Statutes of 1901, provides that no will "shall be revoked except by a subsequent will, codicil or declaration in writing, executed with like formalities, or by the testator destroying, canceling or obliterating the same or causing it to be done in his presence; provided, that if after making a will the testator marries, and the wife survive the testator, the will shall be revoked unless provisions has [have] been made for her by marriage contract, or unless she is provided for in the will, or in such way mentioned therein as to show an intention not to revoke such provisions and no other evidence to rebut the presumption of revocation must be received."

In this case the marriage subsequent to executing the will is admitted. There is no evidence that provision was made for appellee in a marriage contract. She is not provided for in the will, nor mentioned therein. The language of the statute is plain and unambiguous and not susceptible of an interpretation different than it clearly imports. A marriage, the wife surviving, *ipso facto* revokes the prior will unless the wife is mentioned or provided for as stated. The South Dakota statute is the same as ours and in *Re Estate of Larsen,* 18 S. D. 335, 100 N. W. 738, 5 Ann. Cas. 794, the facts were that Larsen had made a will during coverture. His wife dying he married again. That court said: "While conceding that Niels Larsen married Christina, his surviving wife, after making the will in which her name is not mentioned, either as a devisee or for the purpose of showing the intention not to make her such, and the nonexistence of any provision made

for her by means of marriage contract or otherwise, counsel for appellant contends that the will is revoked only as to that portion of the property of the decedent that she would take had he died intestate, and that none but the surviving wife can question the validity of the instrument. Independently of a statutory provision similar to the one under consideration, but in states like ours, where the husband and wife inherit from each other, the revocation of a will made by the husband prior to his marriage is conclusively presumed from such facts and circumstances as this record discloses. *Tyler* v. *Tyler,* 19 Ill. 151. The mind of the testator always relates to the time of his death, and, in the absence of something in or out of the will pertaining to the marriage relation existing at the time of the husband's demise, it is not reasonable to presume that he would deliberately dispose of his entire estate without making some provision for his wife. Surely it cannot be said that a future marriage was contemplated by the decedent at the time his will was made, or that he afterward intended that the surviving son of his former wife should take all his property, notwithstanding the new relation to a person having a natural claim to his affection and a legal right to share his property. It is fair to assume that these considerations, and others of a like character, suggested the enactment of our statute, in plain and concise terms, by which such a will as the one under consideration is revoked absolutely, and the introduction of all evidence to the contrary is expressly prohibited. In order to sustain the contention of counsel for appellant to the effect that the will is revoked in so far only as it affects the interest of the widow, and should be admitted to probate upon her petition, it would be necessary to disregard statutes *in pari materia,* and resort to unwarrantable interpolation, where the legislative meaning is plain and unmistakable. Unless the existence of a condition excepting it from the rule of revocation is shown by such evidence as the statute contemplates, the will cannot be admitted to probate, and it was so held in California under a statute of which ours is an exact copy. *Corker* v. *Corker,* 87 Cal. 643, 25 Pac. 922. By the marriage of Niels Larsen the will was unqualifiedly revoked, and the judgment appealed from is affirmed.''

Other courts under statutes like or similar to ours have held that marriage revokes a will, "unless the existence of a condition excepting it from the rule of revocation is shown by evidence as the statute contemplates." *Sanders* v. *Simcich,* 65 Cal. 50, 2 Pac. 741; *McAnnulty* v. *McAnnulty,* 120 Ill. 26, 60 Am. Rep. 552, 11 N. E. 397; *Francis* v. *Marsh,* 54 W. Va. 545, 1 Ann. Cas. 665, 46 S. E. 573.

The order of the lower court refusing the purported will to probate was correct and is affirmed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

Application for rehearing denied.

---

NOTE.—As to joint and mutual wills, see note in 136 Am. St. Rep. 593.

As to revocation of wills by marriage of testator, see note in 28 Am. St. Rep. 358.