[Civil No. 1392.   Filed June 29, 1914.]

[141 Pac. 723.]

In the Matter of the Probate of the Will of ISABELLA
ANDERSON, Deceased.  RUTH  WILSON  ANDER-
SON, Appellant, v. OAVIS  HANDE  and  VIOLET
HOUCK, Proponents, Appellees.

1. WILLS—MUTUAL WILLS—SURVIVORSHIP.—An instrument executed by
a husband and wife, by which each purported to give all his or
her interest in community property to the other, effective after his
or her death, with remainder over after the survivor's death to the
heirs at law of both testators, was a mutual or reciprocal will and
the separate will of the survivor.

[As to joint, mutual or multi wills, see note in 136 Am. St. Rep.
592.]

2. WILLS—PROBATE—INSTRUMENT ENTITLED TO PROBATE.—Such instru-
ment, after the death of the wife, and after revocation by the hus-
band by a remarriage, was entitled to probate as the will of the
deceased wife.                                                         o

3. WILLS—CONSTRUCTION—ESTATES CREATED—FEE.—Under an instru-
ment executed by a husband and wife, by which each purported
to give all his or her interest in community property to the other,
effective after his or her death, with remainder over after the sur-
vivor's death to the heirs at law, in trust that, upon the death of
either, the survivor should set apart certain sums for the use of
certain legatees, to be expended by the survivor for the interest of
the legatees, and providing for the payment of all debts, the sur- ·
viving husband, although, so far as it was his own will, it had
been revoked by his remarriage, took a fee simple both under the
terms of the will and Civil Code of 1901, paragraph 723, providing
that every grant or conveyance of lands shall pass a fee, unless a
less estate is conveyed either expressly or by construction in opera-
tion of law, subject to the trusts and to the debts if he took under
the will, and subject to the debts alone if he took under the statute.

4. WILLS—PROBATE—PERSONS ENTITLED TO PROBATE.—Under such will
a legatee whose legacy was charged against the estate of the surviv-
ing husband was entitled to have the instrument probated as the
will of the deceased wife, in order to protect her rights.

5. WILLS—PROBATE—PERSONS ENTITLED TO CONTEST PROBATE.—Under
such will, the surviving husband's second wife, who would take the
property charged with the husband's obligation to pay certain
legacies unless the husband discharged them in his lifetime, had

such an interest in the estate of the husband, a devisee under the joint will, as gave her the right to contest its admission to probate as the will of the deceased first wife.

APPEAL from a judgment of the Superior Court of the County of Graham. G. W. Shute, Judge. Affirmed.

### STATEMENT OF FACTS BY THE COURT.

The following instrument was offered with the petition of the appellees for probate as the last will and testament of Isabella Anderson, deceased:

"This deed, made and entered into this 25th day of August, 1902, between Peter Anderson of the first part and Isabella Anderson of the second part, both of Safford, Graham county, Arizona, witnesseth that the parties hereto are husband and wife and have agreed to make this deed of trust, for the disposition of all their property, that they or either of them, may own, at the date of their death, and for the purpose of carrying out the terms of this trust the said Peter Anderson, for and in consideration, of love and affection, hereby grants, bargains, sells and conveys to the said Isabella Anderson in the event of her surviving him all the following described real property situated in Graham county, aforesaid, to wit: The east half of the west half of section seven in township seven south of range twenty-six (26) east of Gila and Salt river meridian, containing one hundred and sixty acres; also block 36 as numbered and laid down on the plat of Safford townsite made by C. M. Ritter and duly recorded in the records of said Graham county and also all personal property and other real estate owned by Peter Anderson at the date of his death, to have and to hold unto the said Isabella Anderson in life rent subject to the terms of the trust hereinafter written.; and the said Isabella Anderson for and in consideration of love and affection hereby grants, bargains, sells and conveys to the said Peter Anderson in the event of his surviving her all the following real property situated in Graham county aforesaid, to wit: Lots numbered one (1), two (2), three (3), and four (4) in section seven (7) south, of range twenty-six (26) east, of Gila and Salt river meridian, containing one hundred and seven acres and also all personal property and other real estate owned by her at the date of her death: To have and to

hold unto the said Peter Anderson in life rent subject to the terms of the trust hereinafter written.

"Now, the terms of the before mentioned trust are these:

"First. Upon the death of either one of the parties hereto the survivor shall set apart the sum of one thousand dollars ($1,000); the principal and interest of which shall be for the sole use and benefit of G. B. Blom (now residing with the parties hereto) during his lifetime and at his death any unexpended balance of said sum to become the property of said survivor.

"Second. Upon the death of one of the parties hereto the survivor shall set apart the sum of five hundred dollars ($500), the principal and interest of which shall be used for the maintenance and education of Violet Thompson now residing with the parties hereto, and in the event of the death of the said Violet Thompson any unexpended balance of said sum shall in like manner become the property of the survivor of the parties hereto. These sums shall be expended by and under control of said survivor to the best interest of the beneficiaries.

"Third. After the payment of all debts owing by the parties hereto the remainder shall become the sole property of the survivor who shall have the power to dispose of any or all of said real estate and personal property and grant, bargain, sell and convey the same and enjoy the same during her life or his lifetime; and the survivor shall not be obliged to take out any letters of administration or letters testamentary on the estate of the party hereto who shall first die or to furnish any bond of any sort for carrying out the purposes of this trust.

"Fourth. On the death of the survivor, his or her whole estate shall be divided equally share and share alike among the nearest heirs at law of the parties of the first and second parts and a like share shall also become the property of the said Violet Thompson should she then be alive.

"In testimony whereof, the said parties have hereunto set their hands and seals the day and year first above written.

                         "PETER ANDERSON.

                         "ISABELLA ANDERSON.

"Witnesses: H. E. DUNLAP.

            "J. C. PURSLEY."

This instrument was acknowledged by both parties before a notary public.

Isabella Anderson died July 20, 1903, childless; Peter Anderson, the husband, surviving her. All the property owned by the husband and wife at the time of the wife's death is conceded to have been community property. After the death of Isabella Anderson, Peter Anderson continued in the sole possession and control of all the property involved until his death on the 5th day of August, 1911. After the death of Isabella Anderson, and on the 6th day of September, 1908, Peter Anderson married the appellant, Ruth Wilson Anderson, and thereafter, on August 5, 1911, Peter Anderson died childless, leaving Ruth Wilson Anderson surviving him. After the death of Peter Anderson, the said instrument was propounded as his last will and testament. Probate of the same as such will was rejected, for the reason it was revoked by him as his will by reason of his marriage with Ruth Wilson Anderson. See *Houck* v. *Anderson*, 14 Ariz. 502, 131 Pac. 975. After the death of Peter Anderson, Ruth Wilson Anderson was appointed administratrix of his estate.

The instrument is contested herein by Ruth Wilson Anderson as the will of Isabella Anderson, deceased. Upon a trial of the contest, the court admitted the instrument to probate as the last will and testament of Isabella Anderson. From which order Ruth Wilson Anderson appeals.

Messrs. Kibbey, Bennett & Bennett, and Messrs. Stratton & Lynch, for Appellant.

Mr. W. K. Dial, for Appellees.

CUNNINGHAM, J.—In describing the character of this instrument in *Houck* v. *Anderson*, 14 Ariz. 502, 131 Pac. 975, we said the instrument "is reciprocal in its terms in that each (party thereto) purports to give all his interest in the common property to the other, effective upon his death, with remainder over after the survivor's death to nearest heirs at law of both the testators." We held that Peter Anderson revoked the instrument as his will by his marriage with Ruth Wilson Anderson, and therefore held the instrument not subject to probate as the will of Peter Anderson.

In this case the instrument is propounded as the will of
Isabella Anderson, and the first question that must be settled
is whether it can be admitted to probate as the will of one
of the joint makers when it has been revoked by the other.

The instrument, considered as a whole, may be, and it is,
both a mutual or reciprocal will of the parties, and a separate
will of the survivor. That part of the instrument preceding
the "fourth" paragraph of the conditions of trust deals with
the community property making testamentary disposition of
the said property. That part of the instrument preceding the
terms of the trust is in form an absolute deed from the hus-
band to the wife, and from the wife to the husband. The
property purported to be conveyed by the husband to the
wife is different in description from the property purported
to be conveyed by the wife to the husband, but a general de-
scription of "all personal property and other real estate
owned by" each party at the time of his or her death is added
to the specific description of the real property in each instance,
and, all property owned being conceded to be community prop-
erty, the difference in description is immaterial to the dis-
position of this case. The conveyance is declared to have
been made "for the disposition of all their property that they
or either of them may own at the date of their death."

Following the words of conveyance and description above
noticed, the *habendum* clause is "To have and to hold unto
(as the case may be) in life rent subject to the terms of the
trust hereinafter written." Then follows this introductory
statement, "Now the terms of the before mentioned trust are
these." The first: "Upon the death of either one of the
parties hereto the survivor shall set apart" the sum of
$1,000 for the use and benefit of G. B. Blom. The second:
"Upon the death of one of the parties hereto the survivor
shall set apart" $500 for the education of Violet Thompson.
The residue of both sums shall become the property of such
survivor. "These two sums shall be expended by and under
control of said survivor to the best interest of the bene-
ficiaries." The third: "After the payment of all debts
owing by the parties hereto, the remainder shall become the
sole property of the survivor, who shall have the power to
dispose of any or all of said real estate and personal prop-
erty and grant, bargain, sell and convey the same and enjoy

the same during her life or his lifetime." The necessity of administration is waived and all bonds are waived. Clearly the instrument, up to the fourth paragraph of the so-called terms of the trust, as we have noticed, is the will of both the husband and wife, and makes full disposition of all the property of each and all the community property after the death of one of the spouses. The fourth paragraph of the so-called terms of trust deals with an entirely different property and is a separate and separable matter which we will notice later in this opinion.

The wife, Isabella Anderson, having died, and Peter Anderson having become the survivor, the instrument, so far as it purports to dispose of the wife's estate in the community property, became subject to probate as the last will and testament of Isabella Anderson. This is the intention to be gathered from the clear terms of the instrument. No other construction can be given the instrument.

If established and admitted to probate as such will, then the question first to arise would be whether, under the terms of the will, Peter Anderson would take the residue of the property, after setting aside the sums to Blom and Violet Thompson and paying all the debts, as a life estate, or would he take the entire estate in fee simple? It is clear that the survivor, Peter Anderson, would take a fee-simple title both under the terms of the will and under the express provisions of the statute (paragraph 723, Ariz. Rev. Stats. 1901). The statute is as follows:

"Every estate in lands which shall hereafter be granted, conveyed or devised to one, although other words heretofore necessary at common law to transfer an estate in fee simple be not added, shall be deemed a fee simple, if a less estate be not limited by express words or do not appear to have been granted, conveyed or devised by construction or operation of law."

This statute was taken from Texas, and, before its adoption, the supreme court of Texas, in *Bell County* v. *Alexander*, 22 Tex. 350, 73 Am. Dec. 268, said, as to the common-law rule of construction:

"It is a rule of construction of the common law, independently of the statute, that in every case, where land is charged with a trust which cannot be performed, or where the will

directs an act to be done, which cannot be accomplished, unless a greater estate than one for life be taken, it becomes necessary that the devise be enlarged to a fee.   4 Kent's Commentaries, 540; *Collier* v. *Walker,* 6 Co. (Coke's Rep.) 16; *Doe* v. *Woodhouse,* 4 Term Rep. 87.''

Peter Anderson, the survivor, could not grant, bargain, sell and convey the property during his lifetime, according to the express terms of the will, if he acquired only a life estate. Under the statute, and also under the common-law rule of construction, Peter Anderson would take a fee-simple estate in the lands through the will.   The will in terms devises that estate, and the statute would give him that estate.   From the terms of the will the clear intention of the testator was to transfer a fee-simple estate to the survivor, and that clear intention must prevail, if the instrument is established as the will of Isabella Anderson.

The ''fourth'' condition has no reference to the community property.   That is disposed of in the preceding part of the instrument to the survivor of the community.   Such preceding part of the instrument clearly, on the death of his wife, became her will, and the survivor became her devisee, with Blom and Violet Thompson legatees.   The ''fourth'' condition of the so-called trust deals, not with the community property, but solely with the estate of the survivor.   The husband and wife jointly and mutually agreed that the whole estate of the survivor, at his or her death, should go to the nearest heirs at law of both parties and to Violet Thompson, share and share alike.   Whether Peter Anderson as a fact repudiated the will of Isabella Anderson, and took her estate under the statute, or whether he acquired title through the will, is not a question in this case.   That question might arise upon a distribution of the estate.   If he took the title under the statute, he would have repudiated the will; and, if he took under the will, he waived the statute; the result, however, is not the same.   In either event he took the fee-simple estate. If he took under the will, the estate would be charged with the payment of the legacies and debts; if he took under the statute, the estate would be charged with the payment of the debts alone.   Violet Thompson, now Violet Houck, is alleged to be a legatee under the will; therefore she, as such legatee,

is entitled to have the will probated in order to protect her rights.

Ruth Wilson Anderson, as the surviving wife, has such an interest in the estate of Peter Anderson, a devisee under the purported will, as would give her the right to contest its admission to probate.

After probate, if it should appear that Peter Anderson elected to take the estate of his deceased wife under the will, then such estate, so acquired by him, would be charged with the legacies provided in the will and with the payment of the debts; and Ruth Wilson Anderson, his surviving spouse, would take such property still charged with such burdens, unless Peter Anderson discharged them in his lifetime. In any event, the nearest heirs at law could claim nothing in the estate of Peter Anderson by reason of the instrument. Violet Thompson can claim the legacy of $500 provided in Isabella Anderson's will, and follow the claim against the estate of Peter Anderson, not because of any will of Peter Anderson, but because of the will of Isabella Anderson and Peter Anderson's implied promise to pay the legacy arising upon his taking the property under the will burdened with the payment of such legacy. If he accepted the benefits, he must stand the burdens. Violet Thompson, now Violet Houck, can claim no part of Peter Anderson's estate under the instrument, any more than the "nearest heirs at law" can claim under the instrument, for the reason it was revoked by operation of law on his remarriage as to such devisee.

We have no hesitancy in holding that the order of the court involved in this appeal, admitting the instrument to probate as the last will and testament of Isabella Anderson, deceased, is without error.

The order is affirmed.

FRANKLIN, C. J., and ROSS, J., concur.

Application for rehearing denied.

---

NOTE.—As to probate of joint wills to operate on survivor's death, see note in 38 L. R. A. 292.