[Civil No. 1512.    Filed June 26, 1916.]

[158 Pac. 457.]

In the Matter of the Petition for Letters of Administration to be Issued in Estate of ISABELLA ANDERSON, Deceased. RUTH WILSON FREEMAN, Appellant, v. VIOLET HOUCK and OLAVIS HANDE, Appellees.

1. WILLS—ELECTION UNDER STATUTE—ACTION TO QUIET TITLE AGAINST HEIRS.—Where the surviving owner of community property prosecuted an action to remove a cloud from such property in which all the heirs at law of deceased co-owner were joined, and in which decree was entered vesting fee title in plaintiff, *held* to be a repudiation of the will of deceased co-owner and an election to take under statute.

2. EXECUTORS AND ADMINISTRATORS—APPOINTMENT OF ADMINISTRATOR—REVOCATION.—Where the decedent leaves a will but no estate, an order appointing an administrator will be set aside.

3. WILLS—JOINT WILLS—REVOCATION BY ONE TESTATOR.—Where the joint will of two owners of community property provided that the survivor would inherit the estate, which upon his death would be distributed among heirs of both parties, *held* that revocation by survivor revoked entire will, and not merely the survivor's part thereof.

[As to validity and probate of joint and mutual wills, see note in Ann. Cas. 1915A, 364.]

APPEAL from a judgment of the Superior Court of the County of Graham. A. G. McAlister, Judge. Reversed and remanded, with instructions.

Messrs. Kibbey, Bennett & Bennett and Messrs. Stratton & Lynch, for Appellant.

Mr. W. K. Dial, for Appellees.

CUNNINGHAM, J.—This is an appeal from an order appointing Guy Houck administrator with the will annexed of the estate of Isabella Anderson, deceased. This appointment was made upon the petition of Olavis Hande, an alleged heir, and Violet Houck, an alleged legatee, reciting that Isabella Anderson died July 20, 1903, in Graham county, leaving an estate therein consisting of personal and real property of the estimated value of $55,000, describing the same, and alleging that all of said property is the community property of said decedent and Peter Anderson, her surviving husband, that decedent left a will, which is presented to the court for probate, that no executor was appointed by the will, and praying the appointment of said Guy Houck.

Ruth Freeman contests the appointment of said or any person as such administrator, alleging that Isabella Anderson, deceased, left no estate subject to administration, and setting forth such a state of facts as, she claims, vested in her the entire property described in the will in question. The issue thus raised became whether the deceased left an estate upon which an administration may be based.

The will in question was before this court in the case of *Anderson's Will*, 16 Ariz. 185, 141 Pac. 723, on a question of allowing it to probate as a will. The facts connected therewith appear in that case, and need not again be stated. We held in that case that the order admitting to probate the

instrument propounded as the will of Isabella Anderson, deceased, a valid order. This matter arises upon the appointment of an administrator to execute the terms of said will.

We stated in the said case that: The question "whether Peter Anderson as a fact repudiated the will of Isabella Anderson, and took her estate under the statute, or whether he acquired title through the will, is not a question in this case."

Continuing, we said: "If he took the title under the statute, he would have repudiated the will; and, if he took under the will, he waived the statute; the result, however, is not the same. In either event he took the fee-simple estate. If he took under the will, the estate would be charged with the payment of the legacies and debts; if he took under the statute, the estate would be charged with the payment of the debts alone. Violet Thompson, now Violet Houck, is alleged to be a legatee under the will; therefore she, as such legatee, is entitled to have the will probated in order to protect her rights."

This action is evidently intended to enter at the point referred to in the language quoted. Before she has any rights to protect, however, some property must exist the title to which is affected by the will; that is, the fact must appear that Peter Anderson took the property under the terms of the will; otherwise, the testatrix, Isabella Anderson, left no estate subject to administration.

The petition shows on its face that the entire estate claimed by Isabella Anderson at the time of her death consisted of community property rights only. Therefore the only question involved now open to determination is whether the community property of Isabella Anderson, deceased, passed to Peter Anderson by means of said will. This question was not decided in the former case because it was not before the court. It is squarely presented by this record. The facts are stipulated, and therefore without conflict.

From the facts it appears that Peter Anderson commenced and prosecuted to a final judgment an action in which all of the heirs at law of Isabella Anderson, including the petitioner Olavis Hande, and all of the legatees named in the will, as claimants of legacies under the said instrument, were made defendants. The purpose of the said action was to re-

move a cloud cast on his title by the identical instrument here involved, and quiet his title against the claims of the said heirs and legatees. The decree of the court was entered on June 8, 1909, adjudging and decreeing that Peter Anderson was the owner in fee simple of the real estate therein, and in the instrument described, as his sole and separate property, and that the said defendants, naming them, have not, nor have any of them, any right, title or interest in said premises or any part thereof, "and that the said defendants and all persons claiming by, through, or under them be, and they hereby are, forever enjoined from claiming any right, title, or interest in said premises or any part thereof adverse to the said Peter Anderson," and removing the cloud from plaintiff's said title.

What action could a party take which would be more conclusive of his intention to repudiate a will and claim property under a statute than such act of quieting his title in such state of circumstances here shown? Peter Anderson's title to the property affected by the will was alleged and adjudged to have been clouded by the will; consequently he relied for title upon another source, viz., upon the statute. Hence the entire estate of Isabella Anderson, consisting of community property, passed to Peter Anderson by the force of the statute free of any claims imposed by her will.

Consequently Isabella Anderson left no estate whatever subject to administration, and to appoint an administrator with the will annexed, although such instrument has been admitted to probate, would be the doing of a futile thing.

The fact conclusively appearing that the deceased left a will, but left no estate, cast the duty on the court to dismiss the petition. The court erred in its order making such appointment.

The order ought to be reversed, and the cause remanded, with instructions to dismiss the petition.

FRANKLIN, J.—I concur. This court, in the case of *Houck* v. *Anderson*, 14 Ariz. 502, 131 Pac. 975, held that the will of Peter Anderson and his wife, Isabella Anderson, was a joint and mutual one, reciprocal in its terms. That the will had been revoked by operation of law on account of Peter Anderson's marriage subsequent to the death of Isa-

bella Anderson and without making any provision for his second wife. Owing to the facts of the case, the interdependent terms of the will, and in view of our ruling, it would have been more logical and consistent in *Re Anderson's Will,* 16 Ariz. 185, 141 Pac. 723, to have denied probate to the same instrument offered as the will of Isabella Anderson, deceased.

The instrument should not have been treated simply as the individual, personal will of each of the persons signing it. The will was revoked as a whole, and not merely as the will of one party to it. Though improvidently made, that ruling became the law of the case, and one can easily see how the superior court was persuaded to make the appointment of an administrator with the will annexed and counsel for the petitioner led to believe the expectancy of the heirs well founded. But however this may be, there being no estate of Isabella Anderson, deceased, to administer upon, the order must be reversed, with directions to dismiss the petition.

ROSS, C. J.—I concur in what Judge FRANKLIN has said.

Upon the question of right to revoke joint or mutual will, see notes in 38 L. R. A. 291; 27 L. R. A. (N. S.) 508 and 37 L. R. A. (N. S.) 1196.