[No. 32328.   Department One.   May 1, 1953.]

*In the Matter of the Estate of* IDA M. GAGAN, *Deceased.*
THE STATE OF WASHINGTON, *Appellant,* v. EMMETT G.
LENIHAN, *as Administrator with the Will Annexed,*
*Respondent.*[1]

[1]Reported in 256 P. (2d) 836.

*The Attorney General, William G. Jenkins* and *Carl L. Loy, Assistants,* for appellant.

*Lenihan & Ivers,* for respondent.

HILL, J.—We are presented with a problem which, to be clearly understood, requires a separation of its various elements of fact and law.

(a) We have the following factual situation as to personal relationships, which brings this case within the purview of RCW 83.16.070 (*cf.* Rem. Rev. Stat. (Sup.), § 11202a), one of our statutes relating to exemptions from inheritance taxes: An individual, Ida M. Gagan, dies, leaving property to a "father, mother, husband, wife, *lineal descendant* [her two children], stepchild or adopted child," which the decedent (hereinafter called the present decedent) had received by inheritance from a

". . . father, mother, *husband* [William D. Gagan], wife, lineal descendant, stepchild or adopted child who died [and who is hereinafter called the first decedent] within five years prior to the death of the [present] decedent . . ."

and in whose estate an inheritance tax was paid. (Relationships involved in the present case are indicated above by italics.)

(b) We have the following factual situation as to the character of the property referred to in (a), *supra*: It is the proceeds of insurance policies on the life of the first decedent (William D. Gagan) payable to his wife, the present decedent (Ida M. Gagan), on which no tax was paid in the estate of the first decedent because the proceeds were within the amount of insurance exempt from inheritance taxes. RCW 83.16.080 (*cf.* Rem. Rev. Stat. (Sup.), § 11211b).

(c) The exemption of previously taxed property provided for by RCW 83.16.070 is based upon the value of property passing by inheritance from the present decedent under the situation outlined in (a), *supra*, but "this exemption only applies to transfers upon which an inheritance tax was paid in the estate of the first decedent."

With (a), (b) and (c) as background, we can now succinctly state the question: Was the transfer of the proceeds of the insurance policies on the life of the first decedent to the present decedent a transfer "upon which an inheritance tax was paid in the estate of the first decedent"? If the answer is yes, then the administrator with the will annexed of the estate of Ida M. Gagan is correct in his contention that $19,383.88 of such insurance proceeds is exempt from an inheritance tax in her estate; if the answer is no, then the state of Washington is correct in its contention that an inheritance tax should be paid thereon.

The trial court, on the authority of *In re Johanson's Estate,* 38 Wn. (2d) 492, 230 P. (2d) 614 (1951), concluded that the transfer of the insurance proceeds had been taxed in the estate of the first decedent and agreed with the administrator with the will annexed that the insurance proceeds are exempt in the estate of the present decedent.

It is obvious from (b), *supra,* that the insurance proceeds were not taxed and were specifically exempt from any inheritance tax in the estate of the first decedent, and that the answer should be that the transfer of the insurance proceeds to the present decedent was not taxed in the estate of the first decedent—unless the holding and reasoning in the *Johanson* case, *supra,* compels a different answer.

In the *Johanson* case, the first decedent, Mrs. Johanson, died testate May 31, 1944, leaving a net estate of $104,023.21. The share of the exemptions allowed class A beneficiaries apportioned to her husband, Dr. Nils A. Johanson, was $14,567.33. Dr. Johanson died March 7, 1946. In computing the amount of tax due on his estate, the executrix claimed an exemption in the amount of $97,762.81 as the value of properties in his estate which had been included in Mrs. Johanson's estate and were now passing to persons within the class entitled to the exemption of property previously taxed. The state of Washington claimed that this figure should be reduced by the amount of the exemption allowed Dr. Johanson in his wife's estate, to wit, $14,567.33, contending that the transfer of that amount had not been taxed in her estate. We there said:

"Turning again to Rem. Supp. 1943, § 11202 [now RCW 83.08.020], we find that: 'All of the amounts specified in A-1, A-2 and A-3 shall be allowed as exemptions to class A as a whole and not to the persons mentioned therein.' For the purpose of fixing the rate for each bracket in class A, the entire amount of the estate, including the exemptions provided for, is to be considered. It cannot be held that a specific portion of the estate has escaped taxation."

Consequently, it was held that all of the estate passing to Dr. Johanson, including the $14,567.33 exemption, had been taxed.

■ The reason for the holding in the *Johanson* case does not apply to proceeds from exempt insurance policies. Actually, in such cases the proceeds of the insurance on the life of the first decedent are paid to the beneficiaries by contract, not by inheritance. Such proceeds, payable to beneficiaries other than the estate of the insured, would not, except for express statutory authority therefor, be considered as part of the first decedent's estate. Our statute, RCW 83.16.080 (*cf.* Rem. Rev. Stat. (Sup.), § 11211b), reads:

"Insurance payable upon the death of any person shall be deemed a part of the estate for the purpose of computing the inheritance tax and shall be taxable to the person entitled thereto . . . ."

The statute does not say that the insurance is a part of the estate, but that it "shall be deemed a part of the estate for the purpose of computing the inheritance tax."

There is a proviso as part of the same section of the statute which reads:

"*Provided*, That there is exempt from the total amount of insurance receivable by all beneficiaries other than the executor, administrator or representative of the estate, regardless of the number of policies, the sum of forty thousand dollars and no more: . . ."

While the printed forms provided by the inheritance tax and escheat division of the state tax commission require the listing of all insurance policies on the life of a decedent and the names of the beneficiaries, the proceeds of exempt insurance policies have no part in determining the rate of the inheritance tax in any class or any subdivision or bracket

thereof. The payment of such exempt insurance proceeds to the beneficiary named in the policy (the present decedent) did not constitute a transfer "upon which an inheritance tax was paid in the estate of the first decedent"; hence, the exemption provided by RCW 83.16.070 for previously taxed property would not be available to those inheriting through the present decedent.

That portion of the "Order Approving Final Report and Decree of Distribution" which orders, adjudges and decrees that the inheritance tax due to the state of Washington is $495.53 and has been paid in full, is set aside, with instructions to the trial court to recompute the inheritance tax in accordance with the views expressed herein.

GRADY, C. J., MALLERY, WEAVER, and OLSON, JJ., concur.