460 P.2d 16

In the Matter of the ESTATE of Frederick Alan JONES, Deceased.

Ida Mae JONES, Appellant,

v.

Melvin Eugene SAILES, Appellee.

No. 1 CA–CIV 808.

Court of Appeals of Arizona, Division 1.

Department B.

Oct. 20, 1969.

Rehearing Denied Nov. 24, 1969.

Review Denied Dec. 23, 1969.

Raineri, Raineri, Raineri by Joseph C. Raineri, Sr., Phoenix, for appellant.

John W. Rood, Phoenix, and Minne & Sorenson, by George Sorenson, Phoenix, for appellee.

JACOBSON, Judge.

This is an appeal from the Superior Court of Maricopa County sitting as a probate court from an order determining heirship and the distribution of proceeds of a Serviceman's Group Life Insurance policy issued pursuant to 38 U.S.C.A. Section 765 et seq. (Supp.1969).

A determination of this matter on appeal requires only the recitation of the follow-

ing facts. On April 30, 1966, Frederick Alan Jones, age 19, was killed while a member of the armed services. Because of such membership, the decedent was covered under a Serviceman's Group Life Insurance policy in the sum of $10,000.00. The decedent was unmarried, had no children and had not made a designation of beneficiaries under the provisions of the federal act creating this type of insurance. (38 U.S.C.A. Section 770 (Supp.1969).) In such a case, the insurance policy and federal law provide that the proceeds of the policy shall be paid " * * * to the parents of such member or former member or the survivor of them * * *." 38 U.S. C.A. Section 770(a) (Supp.1969). Appellant, IDA MAE JONES, as mother of the decedent, received from the United States government $5,000.00 and was advised that the balance of the policy would be reserved until a determination was made by proper court of record in the State of Arizona as to the surviving next of kin.

Appellant filed for Letters of Administration in Maricopa County which were granted. The only asset alleged in her petition for Letters was the proceeds of the insurance policy.[1] She thereafter filed a petition for determination of heirship pursuant to A.R.S. Section 14–641 et seq. (Amend.1959) alleging she was the only surviving next of kin and the only heir at law of the decedent, and that she was entitled to the proceeds of the group life insurance policy alleged to be an asset of the estate. Appellee MELVIN EUGENE SAILES filed a response alleging he was the natural father of the deceased (the deceased having been born out of wedlock) and as such entitled to one-half the proceeds of the policy pursuant to the terms of the policy and the federal act.

The Superior Court sitting as a probate court found Appellee to be the natural father of the deceased and entitled to the

remaining sum of $5,000.00 due under the Serviceman's Group Life policy. This appeal followed.

Appellant contends there was insufficient evidence to support the probate court's determination that appellee was the natural parent of the deceased and further contends that even if he was the natural father of the deceased the term "parents" as used in the federal act means a person who stands "in loco parentis" to decedent and since appellee never assumed this responsibility, appellant as such a parent was entitled to all of the proceeds of the insurance policy.

While appellant's latter contention raises some interesting issues, this court is faced with an initial question of jurisdiction which has not been raised by either party and which this court raises on its own motion.[2] Bloch v. Bentfield, 1 Ariz.App. 412, 403 P.2d 559 (1965).

The question is whether the jurisdiction of the probate court may be invoked where the only alleged asset of the estate is the proceeds of a life insurance policy, the beneficiary of which is not the estate.

In Arizona a probate court is a court of limited jurisdiction having only those powers conferred upon it by statute, Vargas v. Greer, 60 Ariz. 110, 131 P.2d 818 (1942), and having functions separate and distinct from its jurisdiction when sitting as a court of law and equity. Shattuck v. Shattuck, 67 Ariz. 122, 192 P.2d 299 (1948). The reason for this limited jurisdiction is aptly stated in Church v. Quiner, 31 Wyo. 222, 224 P. 1073 (1924):

> "Where, as in Wyoming, the same court that has jurisdiction in probate has also general jurisdiction, the separation of its powers exercised in probate from those exercised in actions at law or in equity might at first seem the result of a merely technical rule of no prac-

---

1. Counsel, at time of oral argument, admitted there were no other assets of the deceased, Frederick Alan Jones.

2. Prior to oral argument, counsel for both parties were advised of the court's concern regarding jurisdiction, and both submitted authorities and argument directed to this point.

tical importance; but when it is borne in mind that the court in probate having jurisdiction of the estate can for many purposes acquire jurisdiction of the persons interested in the estate without any actual notice to them, the substantial nature of the distinction, as well as the importance of maintaining it in practice, becomes clear."

Moreover, a probate court has jurisdiction only over the property of the estate of the deceased. Lecky v. Staley, 6 Ariz.App. 556, 435 P.2d 63 (1967). Where the estate of the decedent is not the designated beneficiary the proceeds of a life insurance policy do not become a part of the estate of the insured and a beneficiary under an insurance policy takes by virtue of the contract of insurance rather than by the laws of succession. In re Gagan's Estate, 42 Wash.2d 520, 256 P.2d 836 (1953); In re Welfer, 110 Cal.App.2d 262, 242 P.2d 655 (1952); Payton v. Jones, 38 So.2d 631 (La.App.1949); Bynum v. Prudential Ins. Co. of America, 77 F.Supp. 56 (D.C. S. Carolina 1948); Maher v. Ramsey County, 75 N.D. 760, 32 N.W.2d 679 (1948); Wages v. Wages, 202 Ga. 155, 42 S.E.2d 481 (1947); Priedeman v. Jamison, 356 Mo. 627, 202 S.W.2d 900 (1947). As was stated in the case of Finn v. Walsh, 19 N.D. 61, 121 N.W. 766, (1909), involving a determination as to who was entitled to the proceeds of a life insurance policy:

"Such fund is and was no part of the decedent's estate; hence the county court had no jurisdiction over it, and could not, therefore, enter any valid judgment with reference to the distribution thereof. The insured had no interest in such fund. He merely had the right to designate to whom it should be paid after his death." 121 N.W., at 768.

Having determined that the proceeds of the life insurance policy are not a part of the estate, we are faced with the question of whether the existence of assets is a jurisdictional prerequisite for the granting of Letters of Administration.

Ordinarily, the object of administration is to pay the debts of the decedent and to distribute the surplus to the heirs and devisees and therefore an estate must exist before an administrator can be appointed, for if there is no estate there is no function for the administrator to perform. Estate of Anderson, 18 Ariz. 266, 158 P. 457 (1916); In re Waits' Estate, 23 Cal.2d 676, 146 P.2d 5 (1944); In re Cover's Estate, 188 Cal. 133, 204 P. 583 (1922); 20 Cal.Jur.2d Executors and Administrators Section 32 (1955). However, the actual physical existence of assets is not jurisdictional in invoking the power of the probate court in the first instance if, in fact there is a possibility of a right to property or a cause of action to obtain property upon "which a fair-minded attorney would advise a client to bring suit." In re Helm's Estate, 6 Cal.App.2d 752, 45 P.2d 250 (1935); Bancroft's Probate Practice Sections 31 and 258 (2d ed. 1950).

In the case now before us there is neither property nor the possibility of property. We find no valid reason existing in this case for the administration of the estate of Frederick Alan Jones to have continued once the probate court became aware of the terms of the insurance policy and the absence of assets or debts. We therefore hold that the probate court had no jurisdiction to entertain the petition for determination of heirship and should have revoked the Letters of Administration theretofore issued. As was stated in Estate of Baxter, 22 Ariz. 91, 194 P. 333 (1921):

"We are satisfied that the whole proceeding was without the jurisdiction of the probate court, and so hold. This leaves the questions involved open to litigation in a proper forum as though they had never been tried in this proceeding." 22 Ariz., at 99, 194 P., at 335.

The only reason an attempt was made to appoint an administrator of the estate in this case, was to determine the heirs at law of the deceased and had the issues involved been properly before us we would have little difficulty in finding that

the evidence sustained a determination that appellee was his father. However, such a determination could be made under a Declaratory Judgment proceeding. A.R.S. Section 12–1834 (1956), provides in part as follows:

"Any person interested as * * * (an) heir * * * may have a declaration of rights * * *

"1. To ascertain any class of * * * heirs * * *."

In such a proceeding the rights of the parties under the contract of insurance could also be ascertained. A.R.S. Section 12–1832 (1956).

Judgment is reversed with directions to revoke appellant's Letters of Administration and dismiss her Petition for Determination of Heirship.

EUBANK, P. J., and HAIRE, J., concur.