PATTERSON, J., concurred.

Order reversed.

In THE MATTER OF PROVING THE LAST WILL AND TESTAMENT OF VIRGINIA S. KAUFMAN, FORMERLY VIRGINIA S. DILLON, DECEASED.

*Will — when a widow is "an unmarried woman" within the meaning of Revised Statutes, part 2, chapter 6, title 1, article 3, section 44 (m. p. 64) — her will is revoked by her subsequent marriage.*

A testatrix executed her will in 1886, being at the time the widow of one Dillon. She was again married in 1888 to one Kaufman. In 1890 she died leaving a husband and a child of the first marriage.

*Held,* that although a widow when she made her will, she was none the less "an unmarried woman," within the meaning of 2 Revised Statutes (chap. 6, tit. 1, art. 3, § 44, m. p. 64), and that as such her will must be "deemed revoked by her subsequent marriage."

APPEAL by Adolph L. Sanger, the person named as executor in the alleged last will of Virginia S. Kaufman, formerly Virginia S. Dillon, deceased, from a decree of the Surrogate's Court of the county of New York, entered in the office of said court, and dated on the 31st day of July, 1891, adjudging said will to have been revoked by the marriage of said Virginia subsequent to its execution and declaring it to be null and void.

*L. Marshall,* for the executor, appellant.

*M. S. Wise,* for the contestant, respondent.

VAN BRUNT, P. J.:

On the 5th of March, 1886, the testatrix was the widow of one David Dillon, and on that day duly executed her last will and testament. On the 25th of January, 1888, the said testatrix married one Jackson S. Kaufman, and in December, 1890, died, leaving her surviving her husband, the said Jackson S. Kaufman and one Mildred Dillon, a daughter by her former marriage. The will above mentioned having been offered for probate, such probate was refused by the surrogate upon the ground that the marriage of the testatrix subsequent to the execution of the will revokes the same, and from the decree thereupon entered this appeal is taken.

Section 44, 2 Revised Statutes, page 64, is as follows : " A will executed by an unmarried woman shall be deemed revoked by her subsequent marriage."

It is claimed by the appellant that the testatrix, being a widow at the time she executed this will, was not an unmarried woman upon the theory that the statute meant a woman who had never been married. Although the counsel, both for appellant and respondent, have devoted much time to the discussion of this proposition, we do not see that there is any room for argument, as a widow is certainly not a married woman ; and if she is not the statute applies.

None of the authorities cited have the slightest application to such a condition of affairs, and the court cannot either amend or repeal the statute because of legislation in respect to the *status* of married women which has come into existence since the passage of the Revised Statutes.

The decree should be affirmed, with costs.

DANIELS and INGRAHAM, JJ., concurred.

Decree affirmed, with costs.