---

(51 Misc. Rep. 315.)

### In re MANN'S ESTATE.

(Surrogate's Court, Saratoga County. July, 1906.)

**1. WILLS—REVOCATION—MARRIAGE OF TESTATRIX.**

Under Rev. St. pt. 2, c. 6, tit. 1, § 44, providing that a will executed by an unmarried woman shall be deemed revoked by her subsequent marriage, a will made by an unmarried woman in contemplation of marriage is revoked by her subsequent marriage, though in it she provides for her intended husband.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 469, 474.]

**2. SAME—PROBATE—REVOCATION.**

Under Code Civ. Proc. § 2647, providing that a person interested in the estate of a decedent may bring an action praying that the probate of a will in which personal property is disposed of may be revoked, a proceeding to revoke the probate of a will of an unmarried woman providing for her intended husband, whom she marries, may be maintained, though the will relates both to real and personal property.

Application of James E. Scrimger and Annie Scrimger, as heirs at law of Jeannetta J. Mann, to revoke her last will and testament. Decree revoking the will.

On December 25, 1882, Jeannetta J. McFarlan executed an instrument, in writing, as her last will and testament. She had never been married. On January 11, 1883, she married John F. Mann, with whom she lived, as her husband, for several years. On June 19, 1905, she died; her husband having predeceased her by several years. Said will provides, by the third clause thereof, "that in the event of my marriage with John F. Mann, of West Galway, Saratoga county, state of New York, I devise and bequeath unto him the use of my homestead property so long as he remains my widower if he should desire to occupy and enjoy the same. In case of his re-marriage or in the event of his death then I order and direct the same to be sold and the proceeds thereof to be placed into a fund and invested," etc.

Robert R. Law (D. M. Westfall, of counsel), for petitioners.

Nisbet & Hanson, for executor, and the General Assembly of the United Presbyterian Church of North America, legatee.

OSTRANDER, S. It is urged on behalf of the executors and legatee that this proceeding cannot be maintained under section 2647 of the Code of Civil Procedure because the will does not relate exclusively to personal property. Said section provides that:

"A person interested in the estate of a decedent may, within the time specified in the next section, present to the Surrogate's Court, in which a will of personal property was proved, a written petition, duly verified, containing allegations against the validity of the will, * * * and praying that the probate thereof may be revoked," etc.

The language of this statute does not exclude an application in case the will also relates to real estate; and it has been held by the Court of Appeals, construing a similar provision of the Revised Statutes, that such proceedings are not confined to wills relating solely to personal property, but are applicable to those proved as wills of both real and personal property. Matter of Kellum's Will, 50 N. Y. 298. It is provided by section 44 of the law of wills (Rev. St. pt. 2, c. 6, tit. 1, § 44) that "a will executed by an unmarried woman, shall be deemed revoked by her subsequent marriage." This is a plain, statutory provision, unambiguous and binding upon those who make wills and upon the courts. It is conceded to be applicable to this case and to require the relief sought by petitioners, unless the provision made for Mr. Mann in the third clause of the will, in contemplation of Miss McFarlan's approaching marriage to him, is sufficient to take this will out of the operation of the statute.

It is argued by the executors that the reason for this statute is that marriage produces such new relationships that a will made before marriage will not as a general rule express the wishes of a woman after her marriage, and that the will in the case at bar clearly indicates that it was made, having in view the marriage about to be performed, and making ample provision for her proposed husband. It is urged that it has never been held in this state that a will made in contemplation of marriage and which makes provision for the intended husband is revoked by the subsequent marriage of the testatrix, and that the maxim "Cessante ratione legis, cessat lex ipsa," should apply in this case.

While it is conceded to be the rule that a will made before marriage will not, as a general rule, express the wishes of the woman after

her marriage, yet it is claimed that this reasoning is not applicable where the marriage was contemplated and the husband provided for, as in this case. Where the statute is plain and free from ambiguity, it is unnecessary to resort to an inquiry as to the probable reasons for its enactment in aid of its construction. Were such recourse imperative, a sufficient reason for this enactment might be found in the transformation, mental and physical, wrought in woman by marriage and cohabitation and by her changed relationships (Lathrop v. Dunlop, 4 Hun, 213–216, affirmed 63 N. Y. 610), changes which in the nature of things she could not anticipate and provide against in a will made prior to her marriage. Matter of Kaufman, 131 N. Y. 620, 30 N. E. 242, 15 L. R. A. 292, affirmed 61 Hun, 331, 16 N. Y. Supp. 113. But where, as in this case, the words of the statute are free from uncertainty, it is sufficient for the courts that the Legislature has so enacted, without inquiring why. The statute is the declaration of an absolute rule without exceptions or qualifications, and under it the marriage of the testatrix operated, eo instante, as a revocation. Brown v. Clark, 77 N. Y. 369; Lathrop v. Dunlop, supra. The words of the statute fit the very case at bar. The testatrix was unmarried when she executed the will. Subsequently she married and the will is deemed revoked.

Concerning this act it was said by Judge O'Brien (Matter of McLarney, 153 N. Y. 416–419, 47 N. E. 818, 60 Am. St. Rep. 664):

"The Legislature might very properly remove it from the statute books by repeal, but in the meantime it cannot be disregarded by the courts."

It follows that the prayer of the petition must be granted and the probate of the will and letters granted thereon revoked.

Let appropriate findings and decree be submitted.

Decreed accordingly.