ALICE M. NEAR et al., Plaintiffs, v. WILLIAM F. SHAW et al., Defendants.

(County Court, Chautauqua County, April, 1912.)

Wills — the testamentary instrument or act — joint or mutual, nuncupative or foreign wills — joint or mutual wills — validity, operation and legal effect — partition — Statute of Frauds.

The will of a widow made pursuant to an oral agreement with her bachelor brother for the execution of mutual wills is revoked by her subsequent marriage.

Under the will of a bachelor executed pursuant to an oral agreement for mutual wills, his sister, a widow, took his entire estate. Under her will he took a life estate in her realty and the use of a portion of her personalty with a proviso that in case of his death before a sister she was to have the use of the entire estate for life with remainder to her children. Upon the petition of the widow said brother's will was admitted to probate and she received the entire estate. Upon her death, she having in the meantime remarried, letters of administration were issued to her husband · without notice to the legatees named in the will executed by her pursuant to said oral agreement. Upon a complaint alleging that she had died intestate, her heirs at law brought an action for the partition of her real estate against those claiming under her said will who sought to impress on said real estate the provisions thereof by reason of said oral agreement.

Held: That by the remarriage of the widow her will executed pursuant to said oral agreement was revoked and that said agreement did not survive the Statute of Frauds.

That said remarriage furnishes no basis for equitable relief as asked for and the plaintiffs are entitled to judgment.

County Court, Chautauqua County, April, 1912.  [Vol. 76.

ACTION for partition.

Harley N. Crosby, for plaintiffs.

L. L. Fancher (James L. Weeks, of counsel), for defendants.

OTTAWAY, J.  Prior to the 18th day of August, 1894, Ira D. Shaw and Huldah Thankful Chamberlain, brother and sister, lived together in the town of Ellicott, Chautauqua county. On the said 24th day of August, 1894, they each made a will. Ira D. Shaw bequeathed all of his estate to his sister, Huldah Thankful Chamberlain. Huldah Thankful Chamberlain bequeathed to her brother, Ira D. Shaw, the use during life of all of her real estate and the use of a portion of her personal property. In case of the death of the said Ira D. Shaw before the death of a sister Lucinda Near then in that case the said Lucinda Near was to have the use of the property real and personal during her life, the same as her brother Ira D. Shaw had had during his life. At the death of the said Lucinda Near said property was to go to the children of Lucinda Near.

Thereafter and on the 18th day of May, 1903, Ira D. Shaw died, whereupon Huldah Thankful Chamberlain presented to the Surrogate's Court of Chautauqua county a petition duly verified asking for the probate of the will of the said Ira D. Shaw, said petition alleging that the property of Ira D. Shaw amounted to $500. The will was admitted to probate and Huldah Thankful Chamberlain received the property of Ira D. Shaw.

Thereafter and on the 27th day of August, 1905, Huldah Thankful Chamberlain married Albert Mowry. At the time of the making of the wills by the brother and sister they were unmarried. Huldah Thankful Chamberlain Mowry died January 1, 1907, leaving real and personal property. Letters of administration on the estate of Huldah Thankful Mowry were issued to Albert Mowry, her husband January 16, 1907. Said letters were issued without notice to the legatees named

in the will of Huldah Thankful Mowry. The said Albert Mowry administered said estate and received of the avails of said estate about the sum of $2,000. He subsequently rendered his account to the Surrogate's Court of Chautauqua county and received his discharge as administrator.

The plaintiffs bring this action as heirs at law of Huldah Thankful Mowry for a partition of the real estate owned by the said Huldah Thankful Mowry at the time of her decease, alleging that she died intestate. The defendants claim as legatees under the will of Huldah Thankful Mowry and seek to impress upon said real estate the provisions of said will alleging that they are entitled to the same by reason of an agreement made by the said Ira D. Shaw and Huldah Thankful Chamberlain prior to the execution of said will and the execution of said wills by said brother and sister pursuant to said agreement. Pursuant to a stipulation entered into by and between the parties to this action and their respective attorneys in open court the following issue of fact was submitted to the jury for their determination: "Did Ira D. Shaw and Huldah Thankful Chamberlain make their respective wills introduced in evidence in this case pursuant to, and to carry out, an oral contract, or agreement, made between them in reference thereto, by which each of said wills was made in consideration of the making of the other?"

The jury found in the affirmative.

Section 26 of the Decedent Estate law provides "A will executed by an unmarried woman shall be deemed revoked by her subsequent marriage." This is a re-enactment of a provision of the Revised Statutes. The plaintiffs assert that by reason of this provision the will of Huldah Thankful Chamberlain was revoked by reason of her marriage to Albert Mowry, and that she died intestate, and her real estate descended to her heirs at law.

It is the claim of the defendants that the jury having determined that the wills of Ira D. Shaw and Huldah Thankful Chamberlain were made pursuant to and to carry out an oral contract and agreement by which each of said wills

was made in consideration of each making the other, that this agreement survived the revocation of said will and that the provisions of the will of Huldah Thankful Chamberlain are subject to the equitable power of the court to enforce. The defendants contend that the oral agreement entered into between the brother and sister was consummated by the actual making of the wills and the case taken out of the Statute of Frauds.

This provision of the Decedent Estate Law is a recent re-enactment of a provision of the statute uniformly sustained by the courts of the state. Matter of McLarney, 153 N. Y. 416; Matter of Kaufman, 131 id. 620; Lathrop v. Dunlop, 4 Hun, 213.

It is apparent that by the marriage of Huldah Thankful Chamberlain her will was revoked. This will being revoked, the contract being oral does not survive the Statute of Frauds. When the brother and sister made their wills they were charged with the knowledge of the law existing at that time. No provision was made for any condition created by the remarriage of the sister. The agreement found by the jury to have been made was fulfilled by the parties to the agreement. They mutually agreed to make their wills as made. They did not mutually agree to give their property to the defendants. The defendants were not privy to the agreement and furnished no consideration for it. The act of the sister causing the revocation of the will furnishes no basis for the equitable relief of the court. It was an act favored by the court. The defendants have failed to place themselves in a position entitling them to the equitable relief demanded.

It is the duty of courts to enforce existing laws. The presence of this statute requires its observance. The reason of its continuance is the changed relations to the woman following marriage. Her new status as a wife induces the presumption of a new testamentary intention and demands a new testamentary act. Matter of Kaufman, 131 N. Y. 620; Brown v. Clark, 77 id. 369; Matter of Mann, 51 Misc. Rep. 315.

A suggestion is made that the husband and any children who might be born are the only persons who ought in good conscience to be permitted to avail themselves of this statute. The difficulty arises in the inability of the court to make any such distinction. The court is called upon to determine this provision in the light of its present enactment.

It has been the policy of the court to carefully scrutinize the testimony based upon parol evidence seeking to effect the disposition of real estate. Hamlin v. Stevens, 177 N. Y. 39; Ro sseau v. Rouss, 180 id. 116.

Under all the circumstances of this case, there being no obligation or duty owing from either the brother or sister to the defendants, the court would not be authorized to lend its equitable power to these defendants. The opinion of Justice Rumsey in the case of Everdell v. Hill, 58 App. Div. 151 is conclusive when applied to the facts of this case.

Judgment for the plaintiffs is directed.

Judgment for plaintiffs.