GLENN RALYEA, Plaintiff, *v.* GERTRUDE RUDD VENNERS and Another, as Executrices, etc., of ALBERTA J. RALYEA, Deceased, and Others, Defendants.

Supreme Court, Erie County, May 23, 1935.

*Francis J. Riordan,* for the plaintiff.

*Allan C. Christman* [*George T. Vandermeulen* of counsel], for the defendants Gertrude Rudd Venners and another, as executrices, etc.

*Smith & Kendall,* for the defendants George F. Crothers and another, as executors, etc.

HINKLEY, J. Plaintiff is a son of one Allan C. Ralyea by the latter's first wife. Allan C. Ralyea's second wife was Agnace A. Ralyea. While married to her she and Ralyea executed a joint will and cotemporaneously executed an agreement under seal. Agnace A. Ralyea died and his third wife was Alberta J. Ralyea. During their coverture they executed a bond and mortgage of their house at 53 Potter avenue, Orchard Park, N. Y., to the Bank of Orchard Park which was assigned by the latter to Alberta J. Ralyea. Allan C. Ralyea also transferred all of his personal property to his then wife, the said Alberta J. Ralyea. Since that time both Allan C. Ralyea and his third wife, Alberta J. Ralyea, have died.

Plaintiff seeks to set aside the bond and mortgage and transfers of personal property by Allan C. Ralyea as in fraud or at least in contravention of the terms of the joint will and cotemporaneous agreement. In other words, plaintiff claims that by the terms of the joint will and its cotemporaneous agreement all of the property of both Allan C. Ralyea and his then wife, Agnace C. Ralyea, was to be held intact until the death of the survivor, who proved to be Allan C. Ralyea, and at his death become the property of the plaintiff and his brothers and sister named in the joint will.

The determination of the questions here involved requires a construction of the joint will and its cotemporaneous agreement. The joint will gives " unto the survivor of us, all and any real and personal property either owned by us jointly or severally for his or her own use and benefit forever." The next following article of the joint will provides: " Upon the death of both of us in a common accident or upon the death of the survivor of us, all the property, real or personal, of the survivor is hereby given, devised and bequeathed to our children, Marjorie N. Eaton, George F. Crothers, Glenn A. Ralyea (plaintiff herein), Howard R. Ralyea and Fred D. Ralyea, share and share alike." The court cannot give to the last named article the construction suggested by defendants' counsel that its entire application be limited to a common accident in which both might be killed simultaneously or one be instantly killed and the other survive temporarily. On the other hand, the words of that article are not entirely clear. The words are not sufficiently definite in their meaning nor the expressions sufficiently imperative to show with equal force a clear intention to qualify or cut down the absolute gift of real and personal property expressed in the article of the will first above quoted. Were one concerned only with a construction of the joint will alone, then the plaintiff herein must fail. (*Tillman* v. *Ogren*, 227 N. Y. 495, at p. 505; *Matter of Ithaca Trust Co.*, 220 id. 437, at p. 441; *Banzer* v. *Banzer*, 156 id. 429, at p. 435.)

The joint will must be read in the light of its companion, the cotemporaneous agreement. Each is of equal force and combined they must evidence the intention of the parties. The will as to the property of each speaks from his death. (*Rastetter* v. *Hoenninger*, 214 N. Y. 67, at p. 73.) Upon the death of Agnace A. Ralyea the joint and several property, both real and personal, in the absence of the cotemporaneous agreement, would have become, under the will alone, the absolute property of the surviving testator, Allan C. Ralyea. The cotemporaneous agreement, so far as it forbade the execution of a new will by Allan C. Ralyea, did not affect his right to dispose of the original joint and several property as he saw fit, leaving none of the same for the children of either party at the time of his death. This clearly was not the intention of the parties. The husband had four children by his first wife; the then wife had one child by a former husband. The children of both parties were grouped and had the parents' deaths been simultaneous the five children would have shared equally in the joint and individual property. The agreement recites as a preliminary that they have *disposed* of their *entire property* both real and personal. The agreement is not limited to a restriction not to make a new will or modify the cotemporaneous one. The agreement contains a solemn covenant upon both parties while living and upon the survivor after the death of the other not to " execute any *agreement* providing for a distribution of his or her property other than contained in the joint will executed simultaneously herewith," and further providing that " it being understood and agreed that after the death of either party " no " *agreement* or *instrument* shall be executed providing for any different distribution of said property than contained in the aforesaid joint will." Surely the language of the two instruments, while perhaps inartistic in a legalistic sense, clearly evidences an intention upon both the parties to the joint will and agreement to preserve intact the then owned and later accumulated joint and several property of the parties for the life use and benefit of the survivor with the remainder over to the then children and stepchildren of both.

The contract entered into between the husband, Allan C. Ralyea, and his then wife, Agnace A. Ralyea, as evidenced by the joint will and cotemporaneous agreement, may be enforced in equity. (*Morgan* v. *Sanborn*, 225 N. Y. 454, at p. 462.) The identical money in this instance can be traced and equity will impress a trust upon it. (*Matter of Hicks*, 170 N. Y. 195; *Rastetter* v. *Hoenninger*, 214 id. 67, at p. 74.)

Any attempt to apply all of the language of the opinion in the last above citation must prove abortive. It must be borne in

mind that statements made in judicial opinions are not always enunciations of general judicial principles. Words are often employed to fit the facts of that particular case and are limited thereto. There the court implied an agreement from the will, no separate cotemporaneous instrument accompanying the same as in this case. There the joint will provided specifically for a life use by the survivor with remainder over to children. The case is authority for the application herein of those principles of equity that one who enters into solemn contractual relations and as survivor accepts the benefits of such agreement, must act honestly and in good faith and not make any gift in the nature or in lieu of a testamentary disposition or to defeat the purpose of the agreement.

The contractual rights of Allan C. Ralyea and Agnace A. Ralyea became fixed upon the execution of the joint will and the cotemporaneous agreement. This action in equity is not affected by section 35 of the Decedent Estate Law concerning revocation of a will by marriage. The covenants which Allan C. Ralyea is in equity required to keep cannot be defeated by him by his marriage to his third wife. She acquired a ready made family and during the life of her spouse the use of a competence accumulated during his respective unions with his first and second wives. With these assets her husband was charged with the liability not to bestow upon her by gift the property which a previous stepmother and mother had with her husband set aside for their children. The estate of the last wife has no legal, equitable or conscientious preference over the children of the first and second wives.

Prepare findings accordingly.

Judgment for plaintiff, with costs.