ELIJAH L. HALL, Appellant, v. D. K. ROBERTS, *et al.,* Appellees

1 So. (2nd) 579
En Banc
Opinion Filed March 11, 1941
Rehearing Denied April 30, 1941

*Lewis W. Petteway,* for Appellant;

*Auslay & Ausley* and *T. T. Turnbull, Jr.,* for Appellees.

ADAMS, J.—This appeal brings for review a decree entered quieting title in the defendant, appellee, based on his counter claim to appellant's bill to quiet title.

The record discloses that Moses and Lucy Lockett, husband and wife, were the owners of the property involved as tenants by the entirety. Moses and Lucy executed their joint will devising said property to Joseph Lockett. Moses died and the will was probated. Thereafter Lucy married appellant. Thereafter Lucy died without children by either marriage. Surviving Lucy was appellant and Joseph Lockett. The will was not probated after the death of Lucy.

Appellee claims by deed of conveyance from the heirs of Joseph Lockett. Appellant claims title as the only heir of Lucy.

The question for us to pass on is, whether the title to land held by the entireties passed to the devisee under a joint will of testators without a probate of the will after the death of the surviving testator? We hold that this must be answered in the negative.

The decree presupposes that the defendant carried the burden of proof by showing title in himself. The estate was one of the entireties and passed to Lucy on the death of Moses despite the will. See Bailey v. Smith, 98 Fla. 303; D. Elisa v. Rittondo, 178 N. Y. S. 839.

To make the defendant's chain of title effectual and unbroken he must have shown a probate of the will after the death of Lucy. Lucy could have revoked the will in her lifetime. For aught we know she might have destroyed the will.

A joint and mutual will cannot be given effect so long as one of the parties is alive as it is subject to be revoked by the survivor. Gorman v. Gause (Texas) 56 S. W. 2nd Ed. 853; also Sec. 88; page 2nd Ed. on Wills.

A casual reading of this will shows it to be a joint will: "A joint will is one where the same instrument is made the will of two or more persons and is jointly signed by them, and disposes of property jointly held by them." 28 R. C. L. 166.

It could not be effective until the death of the survivor: "Testator cannot devise property unless he has some interest therein which will survive his death." Page, *supra,* 261.

This finds authority in Epperson v. White, 56 A. L. R. 601; 299 S. W. 812; 156 Tenn. 155.

While the factual situation in the Epperson case was not the same as here the Court did say that the parties, man and wife, made a will dealing with their property as joint property. The intent was to have the will effective upon the death of the survivor.

In the case at bar the probate of the will subsequent to the husband's death and prior to the wife's death was ineffective to pass title from Lucy unless probated after her death.

Our conclusion is that the will was a joint will. R. C. L., *supra,* page, *supra.* It was ineffectual to pass title unless probated after the death of the survivor, Lucy. See *Re* Davis 38 L. R. A. 289 and notes, also Sec. 87, page, *supra,* and cases cited.

There was an obvious break in the defendant's chain of title and we would not be warranted in approving the decree in his behalf. This is not a matter of ascertaining the testator's intent or defeating same. Some one neglected to probate the will and the defendant is bound by that neglect.

The decree is reversed for further proceedings not inconsistent with this opinion.

So ordered.

BROWN, C. J., WHITFIELD, BUFORD and THOMAS, J. J., concur.

TERRELL and CHAPMAN, J. J., dissent.