MATHEWS, Justice.
This case involves the effect of a second marriage of a widower upon a will, made pursuant to an alleged agreement with the first wife, to execute mutual and reciprocal wills, and to make the first wife’s daughter sole beneficiary of the survivor’s estate.
The appellant is the daughter of Constance Cecilia Tod, who was the wife of Andrew Kinnaird Tod. Tod had no children at the time of the making of the alleged joint and reciprocal wills. Constance Cecilia Tod and Andrew Kinnaird Tod were husband and wife.
The wills were attached to and made a part of the bill of complaint. The wills were executed in New York, on the same day, and before the same witnesses.
Upon the death of Constance Cecilia Tod, her will was probated in the year 1944, and Andrew Kinnaird Tod received the entire estate of approximately $115,000. In 1948 Andrew Kinnaird Tod married the appellee, Elizabeth S. Tod. There- . after, he made a will leaving his entire estate to his second wife, Elizabeth S. Tod. Andrew Kinnaird Tod died during the year 1951. In the answer to the bill of complaint, the appellee asserts:
“21. That the plaintiff herein knew that in the year 1948 and prior to the marriage of the defendant to the deceased, Andrew Kinnaird Tod, that said deceased had executed a Last Will and Testament leaving all of his property to the defendant; that the plaintiff vigorously objected to the execution of such Will claiming that she was entitled to the money which her mother, Constance Cecilia Tod, possessed when she married Andrew Kinnaird Tod; that, however, during the time of these vigorous objections, the plaintiff did not at any time or in any manner advise defendant or said deceased, Andrew Kinnaird Tod, that she claimed any part of his estate, nor did complainant at any time or in any manner advise the defendant or said deceased that she claimed, or would claim, any part of either her mother’s estate or said decedent’s estate by reason of the alleged contract herein sued upon, or by reason of any other contractual obligation on the part of the deceased; that plaintiff, by reason of her failure to assert her claim against said deceased by reason of the alleged contract or otherwise, permitted the defendant to marry said deceased with a reasonable expectation that she would share in his estate; that the *318 plaintiff, by reason of her failure to either assert or disclose her claim against the said deceased and by permitting the defendant to marry the deceased with reasonable expectation of a share in 'his estate, is now estopped to assert such claim; that to permit the plaintiff to now assert such claim would seriously and inequitably prejudice and injure the defendant.
“22. That the complainant herein knew in the year 1948, prior to' the marriage of defendant to Andrew Kin-naird Tod, that the said Andrew Kin-naird Tod had made a Will leaving all of his property to defendant; that at said time complainant did not assert any rights or claims under the contract alleged herein; that the defendant without any knowledge of the alleged contract, married the said Andrew Kinnaird Tod; that complainant herein is, by her delay in asserting her alleged claim, guilty of laches to the prejüdice and 'harm of defendant.
“24. Assuming the existence of the agreement herein sued upon, it cannot in equity be enforced against the defendant widow herein who was without knowledge of said alleged agreement when she married the deceased, Andrew Kinnaird Tod.”
After settling the pleadings, the Chancellor made a memorandum of a pretrial conference, part of which is as follows:
“ * * * On the date last mentioned, Constance Cecilia Tod and Andrew Kinnaird Tod executed mutual and reciprocal wills, * * *. There is no real or genuine dispute in this action that the wills were then and there duly executed by those two individuals.
sjc J}c :}« íjí ‡ iH
“By paragraphs 2, 3, 4, 5 and 6 of the complaint, plaintiff charges that the mutual and reciprocal wills made in November, 1929, came about as the result of an agreement between the husband and wife for their mutual benefit, and also for the benefit of the plaintiff, and that the husband and wife made mutual promises to name each other as sole beneficiary of their respective estates; that they further mutually agreed that the plaintiff would be sole beneficiary of the estate of the last surviving party to the agreement. These facts are disputed by the defendant, and defendant denies that there was any such agreement between the husband and wife.
* * * * * *
“This pretrial conference is continued until Wednesday, June 4, 1952 at 9:30 o’clock A.M., at which time the Court hopes to be able to dispose of the questions of law presented by the record, leaving any material facts in dispute for a trial, if it appears that a trial is necessary.” (Emphasis supplied.)
It should be noted that the trial judge found that the wills were “mutual and reciprocal wills,” and that they were “duly executed by these two individuals.” The answer denied the allegations of the bill of complaint with reference to the agreement and the Chancellor particularly notes “these facts are disputed by the defendant.” The order of the 1st of May, 1952, continuing the case until a day certain, to-wit, June 4, 1952, “to dispose of the questions of law presented by the record, leaving any material facts in dispute for a trial, if it appears that a trial is necessary” was a sufficient notice of a hearing on questions of law. The record does not disclose any other notice or any further action until the 17th day of June, 1952, when a final decree was entered and filed. Due to the order of continuance to dispose of questions of law, it may be assumed that there was a hearing held pursuant to this notice and order of continuance on questions of law. This presumption becomes a certainty in view of the recital in the final decree that “pursuant to memorandum of pretrial conference, dated May 1st, 1952,” the parties had argued “the questions of law involved.” No doubt there was some confusion about notice of a hearing to dispose of questions of law, and a trial or hearing to determine disputes as to material questions of fact. The final decree, after reciting the pleadings and facts as hereinabove outlined, among other things, contained the following:
“ * * *, the making of such an agreement will be assumed, solely hypothetically.
“Defendant argues that St. 731.10 [F.S.A.] renders negatory any claim *319 of plaintiff under the agreement. St. 731.10 provides:
“ ‘When a person marries after making a will, and the spouse survives the testator, such surviving spouse shall receive a share in the estate of the testator equal in value to that which such surviving spouse would have received if the testator had died intestate, unless provision has been made for such spouse by marriage contract, or unless such spouse is provided for in the will, or unless the will discloses an intention not to make such provision. The share of the estate which is assigned to such pretermitted spouse shall be raised in accordance with the order of appropriation of assets set forth in this law.’
“It is important to note that Tod’s second wife, defendant here, had no notice, either actual or constructive, of the agreement upon which plaintiff relies. There is nothing in the will of plaintiff’s mother to suggest that it was a ‘reciprocal’ will, or that it was executed pursuant to the agreement in question. Neither was it a ‘joint’ will. See Hall v. Roberts, 146 Fla. 444, 1 So.2d 579. The will of plaintiff’s mother gives Andrew Kinnaird Tod the entire estate, absolutely and in fee simple, and mentions plaintiff as a beneficiary only in the event of Tod’s death at the same time of, or prior to, the death of the testatrix. See In re Pennington’s Estate, 1944, 158 Kan. 495, 148 P.2d 516; In re Crawford’s Estate, 1945, 69- Cal.App.2d 607, 160 P.2d 64.
“Unless Tod’s second wife, defendant here, entered into the marriage with Tod with actual or constructive knowledge of the agreement upon which plaintiff relies, defendant’s equities are superior to those claimed by plaintiff. See Houck v. Anderson, 1913, 14 Ariz. 502, 131 P. 975; Near v. Shaw, 1937, 76 Misc. 303, 137 N.Y.S. 77; Mayfield v. Cook, 1918, 201 Ala. 187, 77 So. 713; Owens v. McNally, 1896, 113 Cal. 444, 45 P. 710, 33 L.R.A. 369; In re Arland’s Estate, 1924, 131 Wash. 297, 230 P. 157. But cf. Sonnicksen v. Sonnicksen, 1941, 45 Cal.App.2d 46, 113 P.2d 495; Underwood v. Myer, 1929, 107 W.Va. 57, 146 S.E. 896; Ralyea v. Venners, 1935, 155 Misc. 539, 280 N.Y.S. 8; Lewis v. Lewis, 1919, 104 Kan. 269, 178 P. 421; Larrabee v. Porter, Tex. Civ. App., 1914, 166 S.W. 395; Price v. Aylor, 1935, 258 Ky. 1, 79 S.W.2d 350. In these latter cases it was held that the equities of the second wife were inferior to the beneficiaries of the previously made agreement because of knowledge regarding such prior rights, either actual or constructive, on the part of the second wife.
“Inasmuch as the defendant here cannot be charged with actual or constructive notice of the agreement upon which the plaintiff relies, the Court is now of the opinion that the second wife’s rights under the statute are superior and that the claim of the plaintiff cannot be recognized.”
By proper assignments of error, the appellant propounds two main questions:
(1) The making of the wills as reciprocal and mutual wills having been admitted, the appellant should have been afforded an opportunity to offer in evidence all of the facts and circumstances with reference to the execution of such wills, including any agreement, if any, and that by the order on the pretrial conference and the subsequent final decree, as shown by the record in this case, the appellant was denied this opportunity, and
(2) The question of notice to the ap-pellee was considered by the parties and by the Court as being very material to a proper determination of this case. The order on the pretrial conference and the final decree subsequent thereto prevented the appellant from offering testimony on this vital question.
In a case of this kind where the execution of such mutual and reciprocal wills is not questioned, but the agreement and intention of the parties is questioned, all of the admissible or relevant testimony with reference to the facts, surroundings and circumstances, including the agreement, if any, become material.
In the .final decree the Chancellor found as a fact that the second wife had no notice, and without such notice that her *320 equities are superior to those claimed by the appellant. We do not find anything in the record to justify this finding of fact of no notice except the allegations of the answer filed by the appellee. These allegations of no notice to the appellee raised a material question of fact. In the order on the pretrial conference the Chancellor adjourned the hearing for the purpose of disposing of questions of law, but left material questions of fact in dispute for a trial. The appellant was justified in the belief that the question of notice was a material fact in dispute and that the Chancellor reserved the same for trial. Nothing further appears in the record to change the situation until the entry of the final decree when the Chancellor found as a fact that the appellee “had no notice.”
Reversed, with directions to set aside the final decree and for further proceedings in accordance with this opinion.
HOBSON, C. J., and TERRELL and SEBRING, JJ., concur.