78 So.2d 713 (1955)
Elizabeth S. TOD, Individually and as Executrix under the Last Will and Testament of Andrew Kinnaird Tod, deceased, Appellant,
v.
Constance Peabody FULLER, Appellee.
Supreme Court of Florida. Division A.
February 9, 1955.
Rehearing Denied February 22, 1955.
Winters, Foskett, Cook & Brackett and C.D. Blackwell, West Palm Beach, for appellant.
Coe, Richardson & Broberg, Palm Beach, for appellee.
MATHEWS, Chief Justice.
The history and background of this case was set forth in the opinion by this Court in Fuller v. Tod, Fla., 63 So.2d 316, and it will not be necessary to restate the same here. In that case and in the case now before the Court the execution of mutual and reciprocal wills was not questioned but the agreement and intention of the parties was questioned, and we held that all of the admissible or relevant testimony with reference to the facts surrounding the circumstances, including the agreement if any, became material. In the first final decree, discussed in the case of Fuller v. Tod, supra, the Chancellor found as a fact that the second wife had no notice and that without notice her equities were superior to those claimed by the appellant, who was the daughter of the first wife. We held that the allegations of no notice to the appellee raised a material question of fact, and that the finding of the Chancellor of no notice to the second wife was not supported by the evidence in the case and it was reversed for that reason.
After the mandate of this Court went down, the Chancellor proceeded to take testimony in accordance therewith. At the conclusion of the testimony the Chancellor entered his final decree in which he again held that the second wife had no notice, and said:
"The record now before the court in the present case shows that defendant, the second wife, had no prior knowledge of the agreement relied upon by the plaintiff. Upon further consideration of the matter, the Court now holds views regarding the effect *714 of the absence of such notice upon the rights of the second wife in her deceased's husband estate different from those entertained when a prior order was entered in this cause which was subsequently reversed by the Supreme Court of Florida. See Fuller v. Tod, Fla., 63 So.2d 316.
"The effect of that order was to give the second wife the entire estate, thus depriving the plaintiff of any rights whatsoever under the contract made for her benefit. That result now seems unjust and inequitable.
"The effect of Statute 731.34 [F.S.A.] is to give a husband freedom in the testamentary disposition of his property so long as dower rights are assured his widow. It follows that after his marriage to the defendant, plaintiff's step-father, either out of a feeling of duty on account of his agreement with his first wife, or merely out of the generosity of his heart, might have made the plaintiff beneficiary of his estate, and defendant's legal rights in that case would have been confined solely to dower under Statute 731.34. When she took plaintiff's step-father as her husband, defendant was charged with knowledge that her husband had a right to so dispose of his estate, regardless of any prior commitments on his part.
"In view of the fact that her rights were thus circumscribed, it seems unfair to allow the second wife a greater share in her deceased husband's estate, in the face of his breach of contract, than she would receive had he exercised a privilege granted by law to make free and voluntary like disposition of his property. * * *
"Thereupon, it is ordered that plaintiff [the daughter of the first wife] shall be entitled to receive from defendant as Executrix of the Last Will and Testament of Andrew Kinnaird Tod, Deceased, the net estate of the said deceased, less the widow's dower as fixed by Statute 731.34."
No reversible error appears and the decree of the Chancellor should be and the same is hereby affirmed.
TERRELL, SEBRING and ROBERTS, JJ., concur.