GLICKSTEIN, Judge.
This is a timely appeal from an order denying the personal representative’s petition for surrender of personal property. We reverse.
Karl Waks and Belle Waks were husband and wife. They contemporaneously executed an agreement and joint will on February 4,1975, in Palm Beach County, Florida. The agreement provided in part:
1. Their purpose in making this Agreement and a Joint Last Will and Testament is to enable each of them, following their respective deaths, to make successive bequests from their jointly owned property, to their respective brothers, sisters, nephews, nieces and others.
2. The bequests and legacies therefore being made in such Last Will and Testament are in fulfillment of this purpose and in consideration of each of them waiving the right to alter, amend or otherwise revoke the said Last Will and Testament in whole or in part, by codicil or otherwise, without the written consent of the other during their joint lives, or under any circumstances after the death of the first of them.
The will made separate provisions for the parties’ jointly owned condominium and furnishings contained therein, which are not at issue sub judice. The remaining personal property, consisting of jointly owned securities and savings and checking accounts, was to be divided into two equal parts in accordance with the will. One part was to pass to the survivor, while the other part was to be given to those persons specifically named as devisees by each testator should he or she die first.
Mr. Waks died on January 21, 1978, and the personal representative of his estate subsequently made written request of the widow that she surrender the jointly owned personal property. She refused and the personal representative then filed a petition for surrender of personal property. In her answer Mrs. Waks alleged the following affirmative defenses: undue influence, execution without reading the will or the advice of counsel, fraud, non-disclosure of assets and a lack of awareness of what property rights were being relinquished. After trial held on November 20, 1978, the court denied the petition because of the following findings:
A) The items requested were previously held in the joint names of the Deceased and his wife.
B) The Deceased lacked the ability to dispose of the requested items by will as he did not survive his wife and thereby acquire complete title. BELLE WAKS obtained complete title as a matter of law upon his death.
C) Only that portion of the joint will that is the will of the Deceased, KARL WAKS, is now effective.
D) The Court is unsure of the complete legal effect of the agreement which was executed simultaneously with the joint will; however it appears that the manner in which the WAKS’ held their property (as joint tenants with right of survivor-ship) was not changed.
E) The simultaneous agreement may have substantial importance in later proceedings between the persons now before the Court but the agreement has no bearing upon the pending Petition.
This appeal followed.
It is clear from the agreement and joint will that Mr. Waks intended one-half of the jointly-owned property to go to members of *309 his family.[1] If such intent can lawfully be given effect, it should be.
Appellee erroneously claims that Hall v. Roberts, 146 Fla. 444, 1 So.2d 579 (1941) is dispositive. In that case a husband and wife executed a joint will devising the land they owned as tenants by the entirety to a named beneficiary, presumably to pass on the death of the surviving spouse. Although the will was probated following the husband’s death, it was not probated following the subsequent death of the wife. The supreme court held:
[T]he probate of the will subsequent to the husband’s death and prior to the wife’s death was ineffective to pass title from Lucy unless probated after her death .
This is not a matter of ascertaining the testator’s intent or defeating same. Some one neglected to probate the will and the defendant [heir of the beneficiary under the joint will] is bound by that neglect.
146 Fla. at 446-447, 1 So.2d at 580.
Sub judice the testators did not intend the property to pass upon the death of the surviving spouse, but instead upon death of the first spouse to die. No issue was raised that the will was not properly probated. Consequently, the decision in Hall v. Roberts, supra, is not applicable.
Other jurisdictions have affirmatively answered the specific question of whether the agreement and joint will were sufficient to terminate the joint tenancy prior to Mr. Waks’ death. In Berry v. Berry’s Estate, 168 Kan. 253, 212 P.2d 283 (1949), a husband and wife, each having had children by former marriages, owned property as joint tenants with right of survivorship. They executed a joint and mutual will providing that after the death of one of them, the survivor would have a life estate in all of the property of the deceased, and after the survivor’s death, that property would descend and be divided among the respective children of each. After the death of the husband the lower court held that full title vested immediately in the surviving wife. A child of the deceased husband appealed. The intermediate appellate court reversed, holding that the property passed in accordance with the mutual will, and the Kansas Supreme Court affirmed. The supreme court held that the joint and mutual will acted as a severance of the joint tenancy and the property would pass, not by right of survivorship as the lower court held, but in accordance with the intent of the parties as expressed in their joint and mutual will.
Similarly, in Lancellotti v. Lancellotti, 377 A.2d 1315 (R.I.1977), a husband and wife executed a joint will and declared in writing therein that it was contractual. Prior to the execution of the will, the testators had held certain property in joint tenancy. Following the death of the husband, the wife purported to convey this property in fee contrary to the terms of the will. Some of their children brought suit to enjoin the conveyance. The court first reconciled an ambiguity in the will and determined that the testators intended that the survivor of them take a life estate in the subject property. The court then held:
The short answer to this argument is that a severance did take place by a valid and enforceable contract during the lifetime of the parties by the execution of the joint will. The parties themselves declared that the joint will was contractual, and there is nothing in this record indicating that it was modified in any way by a subsequent agreement. Thus, Angelina was bound by there terms of that contract and upon the death of her husband, she became vested in a life estate in the real estate with a remainder over to the children. (Footnote omitted.)
Id. at 1320.
In Wilcoxen v. United States, 310 F.Supp. 1006 (D.Kan.1969), a husband and wife owned real property as joint tenants with right of survivorship. The husband executed a will giving his wife a life estate with the remainder over to their children, and the wife executed a consent to the will specifically approving its contents. The *310 husband then died and the amount of estate taxes was at issue. Resolution thereof depended on whether the surviving wife inherited the property by right of survivor-ship or whether it passed in accordance with the decedent’s will. The court held that the estate was not entitled to a marital deduction because the surviving wife did not own the property by right of survivor-ship; it passed in accordance with the will. The court reasoned:
While one joint tenant may not unilaterally terminate the interest of the other, it appears to be unquestioned that under the general rule, a joint tenancy may be terminated by a contract, or mutual agreement among the tenants. See 20 Am.Jur.2d Cotenancy and Joint Ownership, § 19, p. 112; Anno. Joint Tenancy— Termination, 64 A.L.R.2d 918, 941-949. Such agreement may be made by express stipulation, or it may be implied from the circumstances which are inconsistent with the incidents of joint tenancy. (Footnote omitted.)
Id. at 1010.
Finally, in Mamalis v. Bornovas, 112 N.H. 423, 297 A.2d 660, 661 (1972), the court said:
In determining whether an act of a joint tenant is sufficient to terminate or “sever” a joint tenancy, the courts have historically resolved the question upon an analysis of whether the act destroyed one of the essential four unities of time, title, interest or possession. E. g., Wentworth v. Remick, 47 N.H. 226 (1866); see 2 Blackstone’s Commentaries ch. 12, at.363 (Chase ed. 1914); 4 Thompson, Real Property ss. 1780-81 (1961 rev. ed.); 2 Tiffany, Real Property s. 425, at 208 (3d ed. 1939). Beginning with several eighteenth and nineteenth century English decisions, however, the idea began to emerge that the termination of a joint tenancy should be controlled by the parties’ intention as manifested by some overt act or express agreement (Annot., 64 A.L.R.2d 918, 941-45 (1959)), and this view appears to be a prevailing trend in the decisions. McDonald v. Morely, 15 Cal.2d 409, 101 P.2d 690 (1940); Duncan v. Suhy, 378 Ill. 104, 37 N.E.2d 826 (1941); Nichols v. Nichols, 43 Wis.2d 346, 168 N.W.2d 876 (1969); see Swenson and Degnan, Severance of Joint Tenancies, 38 Minn.L.Rev. 466, 485-87 (1954). . . .
Based on the foregoing authority, we hold that the contemporaneous execution of an agreement and joint will, expressly providing for the disposition of the parties’ jointly owned personal property in a manner totally inconsistent with the continuation of a joint tenancy, operated as a severance of the tenancy. Sub judice the devise by Karl and Belle Waks of one-half oí their jointly-owned property to members of their respective families enabled the property to pass at the time of Mr. Waks’ death under the joint will in accordance with his express wishes.
The order of the trial court is reversed and the cause remanded for further proceedings consistent with the views herein expressed.
REVERSED AND REMANDED.
MOORE, J., and UPCHURCH, JOHN J., IV, Associate Judge, concur.

. The parties were childless.