[File No. 7075]

HOWARD MAHER and Michael J. Cowley, as Trustees in an Insurance Trust, Respondents, v. RAMSEY COUNTY, The State of North Dakota, and John Gray, State Tax Commissioner, Appellants.

(32 NW2d 679)

Opinion filed May 15, 1948.   Rehearing denied June 25, 1948.

*Nels G. Johnson,* Attorney General, *C. E. Brace,* Assistant Attorney General, *Charles Simon,* Special Assistant Attorney General and *Obert C. Teigen,* for appellants.

762

*Traynor & Traynor*, for respondents.

HUTCHINSON, District Judge. The facts of this case are not controverted. John W. Maher died testate July 30, 1936. His will was admitted to probate. Thereafter an estate tax return was filed and an estate tax in the sum of $2,222.40 as approved by the Tax Commissioner was assessed and final payment made on November 19, 1938. The estate was closed. On August 24, 1946, Howard Mahler and Michael J. Crowley as Trustees of an Insurance Trust petitioned the county court for refund, setting forth that as such trustees they had paid the estate tax in the John W. Maher Estate as assessed and that the amount demanded and paid was $1,065.53 in excess of the amount actually due. Thereafter the John W. Maher Estate was reopened and an executrix was appointed, who joined the trustees in the application for refund. It appears that about a year before John W. Maher died he set up an insurance trust providing that the proceeds of his life insurance which made up the trust fund should be used by the trustees to pay the expenses of the administration of his estate and the balance paid to his children. It further appears that the county court in assessing the estate tax of the John W. Maher Estate included in the inventory of this estate the proceeds of the life insurance policies in excess of $20,000 which went into the insurance trust. Because the proceeds of the insurance policies were considered by the county court as a part of the decedent's estate, the estate tax exacted was $1,065.53 in excess of what it otherwise would have been. The county court rejected the petition of the trustees for a refund

upon the ground that the estate tax having been paid more than six years prior to the application for refund, the statute of limitations bars the petitioners from relief. From this decision of the county court an appeal was taken to the district court to determine the question of law relative to the applicability of the statute of limitations. The district court reversed the county court and ordered the county court to order a refund to the petitioners in the sum of $1,065.53. This appeal is from the decision of the district court.

The appellants seek reversal of the judgment of the district court on four grounds: First, that the original petitioners for the refund are not proper parties because the estate tax was paid by the executrix and not the trustees in the insurance trust. Second, that the estate tax as originally assessed was not based upon the proceeds of life insurance policies because the deceased by the creation of the insurance trust entirely altered the nature of the proceeds of the insurance policies and these proceeds thus became of the same nature as ordinary assets of decedent's estate. Third, that the decedent, John W. Maher, transferred a substantial amount of property to his children about a year before his death, and that this property should have been included in determining the amount of the estate tax. Fourth, that the application for refund having been made more than six years after the payment of the estate tax, the statute of limitations bars recovery.

We shall consider these contentions in order:

(1) A stipulation is on file setting forth the facts with reference to the insurance trust. From this stipulation it is evident that the trustees of the insurance trust either paid directly or through the executrix of the John W. Maher Estate the estate tax which was originally exacted. However, the Maher Estate was reopened and an executrix was appointed, who joined the trustees in an application for refund. The parties who made the payment in their official capacities are the real parties interested in the refund. It is significant that the appellants have not suggested that anyone other than the petitioners has a superior

right to such refund. The first ground of the appellants appears to be without merit.

(2) The appellants' second contention cannot be sustained. The proceeds of the life insurance policies of the decedent came to the trustees of this insurance trust by contract and not by descent. After the trust agreement was entered into, the deceased could no longer even change the beneficiaries. The decedent's children, who were ultimate beneficiaries after the payment of the expenses of administration of decedent's estate, received by contract. Talcott v. Bailey, 54 ND 19, 208 NW 549; Marifjeren v. Farup, 51 ND 78, 199 NW 181; Anderson v. Northern & D. Trust Co. 67 ND 458, 468, 274 NW 127, 132. The only effect of the trust agreement was to divert enough of the proceeds of the life insurance policies to pay the estate administration costs. These proceeds never became any portion of the estate. Talcott v. Bailey, 54 ND 19, 208 NW 549, supra; Anderson v. Northern & D. Trust Co. 67 ND 458, 274 NW 127, supra.

(3) The contention that the decedent transferred a substantial portion of his property to his children before his death and that this portion escaped the estate tax was not an issue in the district court. It is also true that this issue has never been considered by the county court. The appellants have never made any application to the county court to review the estate tax return on the ground that property had been transferred by decedent before his death which had escaped consideration in determining the estate tax. The only question presented to the county court and which came to the district court on appeal was the question of refund. The county court having refused the application for a refund, the appeal to the district court was on questions of law. We have but one issue here and that is the right of the petitioners to the refund under the undisputed facts. It is well settled that propositions cannot be raised for the first time on appeal. 4 CJS p 430, § 228; 3 Am Jur 25, Appeal and Error, §§ 246 et seq.

(4) Does the general statute of limitations bar the petitioners' right to the refund? This court heretofore decided that the avails of a life insurance policy payable to a beneficiary are not

a part of the estate of the insured. Re Black, 74 ND 446, 23 NW 2d 35. The question of a right to a refund was also duly considered by this court. Boe v. Steele County, 74 ND 58, 19 NW2d 921. We decided that the provisions of the Estate Tax Act (§ 57–3724, ND Rev Code 1943) providing for a refund of overpayments of estate taxes applies in all cases where overpayments have been made. We said:

"Where timely application is made and it is shown there was an overpayment, the county court is vested with the power and it is charged with the duty to order repayment of the overpayment. . . . The sole basis of the right to payment of a claim for a refund is that it be shown that an overpayment of the legal tax has been made."

The statute providing for refund is complete in itself. It attaches no conditions. It contains no provisional or prerequisite clause. It is no time-limit requirement. If this court should apply the general statute of limitations, it would, in effect, amend the statute. There is nothing in the record of this case that challenges the timeliness of the application for a refund except the interposition of the statute of limitations.

The judgment is affirmed.

CHRISTIANSON, Ch. J., NUESSLE and BURKE, JJ., and MILLER, District Judge, concur.

BURR and MORRIS, JJ., did not participate.