**NEWCASTLE DRILLING COMPANY, Plaintiff and Respondent,**

v.

**H. L. THORNDAL, Trustee in Bankruptcy of Petroleum Corporation of America, Defendant and Appellant.**

**No. 7841.**

Supreme Court of North Dakota.

Oct. 3, 1960.

Bjella, Jestrab & Neff, Williston, for defendant and appellant.

Bosard, McCutcheon & Coyne, Minot, for plaintiff and respondent.

McGee & Van Sickle, Minot, as Amicus Curiae.

BURKE, Judge.

This appeal, by the trustee in bankruptcy of Petroleum Corporation of America, is from an order denying a motion to vacate a default judgment in favor of Newcastle Drilling Company and against Petroleum Corporation of America, and to set aside a sale made pursuant to an execution issued upon said judgment. The judgment was entered on June 27, 1958, in an action to foreclose a lien for oil well drilling. A sale of the real and personal property subject to the lien was made pursuant to a special execution on August 5, 1958. At the sale, all of the property, except one tract of real property, was bid in by the judgment creditor. This sale was confirmed by the trial court on August 6, 1958.

The motion to reopen the judgment and set aside the sale was made on July 8, 1959. As grounds for reopening the judgment the appellant urged:

1. That he had recently come into the possession of newly discovered evidence.

2. That Newcastle Drilling Company is a partnership doing business under a fictitious name, that it had not filed a certificate giving the names of the partners as required by law and that therefore it had no capacity to maintain the action in which the judgment was rendered.

3. The Newcastle Drilling Company in presenting its proof for default judgment did not produce the written instrument upon which its claim was founded as required by Rule 55(a) of the Rules of Civil Procedure. The only ground set forth in the motion as a reason for setting aside the sale, was the sale price was grossly inadequate.

At the hearing on the motion, it appeared that an involuntary petition in bankruptcy had been filed against Petroleum Corporation of America on August 8, 1958; that on November 22, 1958, H. L. Thorndal, the appellant herein, was appointed receiver; that on January 7, 1959, Petroleum Corporation of America was adjudged a bankrupt and that on April 24, 1959, the appellant was elected trustee in bankruptcy. Evidence was offered at the hearing which tended to show that the books and records of the bankrupt were not delivered to the receiver until the middle of February 1959, and that these records were incomplete and in such a state of confusion that the accountants, hired to audit them, could not complete the audit without associating with, and using the working papers of, other accountants who had made prior audits of the bankrupt. Evidence was also offered by the testimony of one of the accountants, that the records, which were admittedly incomplete, showed that the indebtedness of Petroleum Corporation of America to Newcastle Drilling Company was only $63,000 at the time judgment for $78,126.73 was entered against it.

■ Rule 60(b), Rules of Civil Procedure, sets forth the conditions upon which a party or his legal representative may be relieved from a final judgment. The rule sets forth the following as sufficient reasons:

"(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of the adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have

prospective application, or (6) any other reason justifying relief from the operation of the judgment. * * *"

This rule also provides:

"The motion shall be made within a reasonable time and for reasons (1) (2) and (3) not more than one year after the judgment or order was entered in the action or proceeding."

Since the motion to reopen the judgment was not made within one year after its entry, it is clear that the trial judge's refusal to reopen the judgment upon the ground of newly discovered evidence was proper. It also follows that, unless the second reason urged for reopening the judgment presents a defect which renders the judgment void, the refusal to reopen on this ground was also proper.

■ Section 45–0226 NDRC 1943 requires that:

"* * * every partnership transacting business in this state under a fictitious name, * * * must file with the clerk of the district court of the county in which its principal place of business is situated a certificate stating the names in full of all the members of such partnership and their places of residence, and must publish the same once a week for four successive weeks in a newspaper published in the county * * *."

Section 45–0229 NDRC 1943 provides:

"Persons doing business as partners contrary to the provisions of Section 45–0226 shall not maintain an action on, or on account of, any contracts made or transactions had in their partnership name in any court of this state until they have filed the certificate and made the publication required by Section 45–0226. If such partners shall comply with such provisions at any time, they thereupon shall have the right to maintain an action on all such partnership contracts and transactions entered into prior to, as well as after, such compliance."

It is conceded by respondent that no certificate giving the names of the partners in Newcastle Drilling Company was ever filed or published. However, respondent contends, in the first place, that the statute has no application to it because it maintained no office or place of business in the State of North Dakota, and in the second place, that even though the statute applied to it, failure to comply therewith would constitute no more than an affirmative defense to an action brought by it and that such defense would be waived by a failure to raise it either by answer or by a proper and timely motion.

We have no doubt whatever but that respondent's latter contention should be sustained. The statutes under consideration do not void any contracts made by a partnership which fails to comply. They merely suspend its capacity to sue upon such contracts until compliance has been made. As was said in Heegaard v. Dakota Loan & Trust Co., 3 S.D. 569, 54 N.W. 656, 658.

"There is no disability to make contracts or to have transactions. The objection is to the legal capacity to sue. The proviso attached to our statute removes this incapacity as soon as the firm at any time has complied with its terms, and this compliance relates back to cover any contract or transaction entered into prior or subsequent to the compliance. In the case at bar the wrong and injustice in allowing the answer to be amended in this particular is apparent upon the face of the record. Had the fact of noncompliance with the statute been pleaded in the original answer, as the supreme court of California says it must, and that fact had been dominantly brought to the attention of the plaintiffs, the cause could have been abated, the requirements of the statute have been fulfilled by the plaintiff and a new suit instituted."

It is clear that failure to comply with Section 45–0226 NDRC 1943, merely gives rise to an affirmative defense which must be taken advantage of by answer or proper motion. It does not affect the jurisdiction of the court or the validity of a judgment entered in an action where the defense was not pleaded. Phillips v. Goldtree, 74 Cal. 151, 13 P. 313, 15 P. 451; Fitch v. Braddock, 93 Okl. 78, 219 P. 703; Reilly v. Hatheway, 46 Mont. 1, 125 P. 417; Turnbull v. Michigan Cent. R. Co., 183 Mich. 213, 150 N.W. 132; State ex rel. Stephens v. Superior Court, et al., 111 Wash. 205, 190 P. 234; Gallafent v. Tucker, 48 Idaho 240, 281 P. 375; Meguiar v. Universal Die Casting Co., 108 Cal.App.2d 771, 239 P.2d 699; Balch v. Shick, 147 Pa.Super. 273, 24 A.2d 548. The refusal of the trial court to recognize a subsequently discovered noncompliance by the plaintiff with Section 45–0226 as a ground to reopen the judgment was proper.

■ The third reason urged as a ground to reopen the judgment, to wit: that Newcastle Drilling Company did not produce the written instrument upon which its claim was founded, is not supported by the record. The contract upon which the claim was founded was attached to a verified complaint and made a part of such complaint by reference. There is no proof that the original was not produced at the hearing on the default and presumptively the trial judge complied with the rule. We therefore do not consider whether a failure to comply with this rule would be a reason to open a default judgment, either before or after the expiration of one year after the entry thereof. The motion to reopen was therefore properly denied upon all of the grounds raised.

■ The only reason set forth in the motion to set aside the special execution sale was that the price bid for the property at the sale was grossly inadequate. In connection with this motion appellant made no offer to satisfy Newcastle Drilling Company's judgment, in case the sale should be set aside, nor did he produce any evidence that there were prospective bidders who would bid more than was bid at the sale.

Appellant's position upon this issue may be summed up as follows: He states that the Newcastle Drilling bid $16,132.50 for personal property of the value of $104,000 and $54,500 for real property of the value of $78,000 to $80,000 or in other words that Newcastle Drilling obtained property of the value of $180,000 for the sum of $70,632.50. Newcastle Drilling Company does not question the appellant's estimate of the value of the personal property but Mr. Voss, a partner in the company, stated that there were liens of record against such property in the sum of approximately $90,-000 which the purchaser of the property would have to pay. He questioned appellant's valuation of the real property because of overriding royalties which had been granted by the Petroleum Corporation of America, and stated that he had bid the fair value of this property. He also stated that he thought that the real property would be redeemed if he had paid too little for it. Appellant challenges the veracity of Mr. Voss's testimony as to the extent of the liens, but he made no attempt at the hearing, to prove what the amount of the liens actually was, nor did appellant make any attempt to redeem the real property although the period of redemption had not expired at the time this motion was made.

Although the trial court filed no memorandum, we assume that he resolved the issue of fact presented upon this motion against the appellant. The evidence is sufficient to sustain such a finding and the judge who heard the witnesses was in a better position to judge their credibility than we are.

■ Other alleged reasons for setting aside the sale were argued in this court upon appeal but since they were not included in the motion presented to the district court they will not be considered here. It is well settled that an issue which is neither raised nor considered in the trial court can-

not be raised upon appeal. McDonald v. Abraham, 75 N.D. 457, 28 N.W.2d 582; Maher v. Ramsey County, 75 N.D. 760, 32 N.W.2d 679; Megarry Bros. v. City of St. Thomas, N.D., 66 N.W.2d 704.

The order of the district court is affirmed.

SATHRE, C. J., and MORRIS, STRUTZ and TEIGEN, JJ., concur.