**Albert A. STEGMEIER and Bertha Stegmeier, Plaintiffs and Respondents,**

v.

**Gordon G. GAPPERT and Eleanor Gappert, Defendants and Appellants.**

**Civ. No. 8714.**

Supreme Court of North Dakota.

Sept. 1, 1971.

Floyd B. Sperry, Bismarck, Jos. A. Vogel, Jr., Mandan, and Harvey J. Miller, Dickinson, for defendants and appellants.

C. J. Schauss, Mandan, for plaintiffs and respondents.

TEIGEN, Judge.

This appeal is taken from an order denying a request for an extension of time in which to move for a new trial, and from the judgment entered against the defendants in the above entitled action. The case was tried to the court without a jury and the Gapperts, as appellants, have demanded a trial de novo in this court.

The record discloses that the application for extension of time in which to move for a new trial was made ex parte; therefore, the order denying the same is not appealable. Section 28–27–02(7), N.D.C.C., provides that an order made by the district court, or judge thereof, without notice is not appealable. Therefore, the appeal from the order is dismissed.

On March 16, 1962, the Stegmeiers, owners of approximately 560 acres of farm land, and the Gapperts entered into a written agreement to make a contract for deed under the terms of which the Gapperts would purchase from the Stegmeiers the land in question for the agreed sum of $42,500. The agreement provides that after the payment of $12,750 had been made, $5,000 of which was paid in cash leaving a balance of $7,750 to be paid in three annual installments, a contract for deed would be formally entered into. The agreement to make a future contract appears to be definite and certain on all subjects to be embraced in the contract for deed. No claim has been made to the contrary. The agreement to make a contract also provides that the Gapperts were to go into possession of the land on a date to be mutually agreed upon between the parties, but in no event later than April 1, 1962. It appears that the Gapperts have been in possession and have farmed the land since March 16, 1962. No contract for deed, however, was made. The Gapperts have not paid any part of the balance required by the agreement to be paid as a condition prerequisite to the making of a contract for deed. They have, however, been in possession and have received all of the rents and profits from their operation of the land.

This action was commenced in November, 1969, more than seven and one-half years after the agreement to make a contract was entered into. A portion of the land, described in the agreement as the West Half of Section 21–136–87 and the North Half of the Northwest Quarter of Section 10–135–87, was mortgaged. The mortgage was foreclosed and in November, 1966, a sheriff's deed issued. The purchaser at the foreclosure sale was the mortgagee. Thereafter, in July, 1967, the mortgagee, as owner under the sheriff's deed, sold and

conveyed this land to the Gapperts for a consideration of $16,222.

By their complaint in this action the Stegmeiers seek to quiet the title and recover possession of the one quarter section of land described in the agreement which was not included in the mortgage foreclosure, to wit, the Northwest Quarter of Section 28–136–87. In addition, they seek to recover from the Gapperts damages for the use and occupation of said Northwest Quarter of Section 28 from the date the Gapperts took possession until the date of trial and, also, seek to recover damages for the use and occupation of the land which was foreclosed from the date the Gapperts took possession until the foreclosure was completed by the issuance of the sheriff's deed. They also seek a money judgment for taxes, penalties and interest, and irrigation assessments, on the Northwest Quarter of Section 28, which they allege have not been paid by the Gapperts.

The Gapperts answered and counterclaimed. In their answer they admit the execution of the agreement and that they have been in possession of the Northwest Quarter of Section 28 since March 16, 1962, but specifically deny that they are indebted to the Stegmeiers in any amount for the use and occupation of any of the land. They also affirmatively allege that, in addition to the $5,000 paid down, they paid the sum of $552.08 for taxes which had accrued for the year 1961 and which were the obligation of the Stegmeiers under the agreement, and that, therefore, the Stegmeiers had breached their agreement and cannot now attempt to enforce a part of said agreement and cancel a part thereof. In addition, as and for a counterclaim, the Gapperts reallege the agreement for contract for deed and then set forth facts pertaining to the mortgage foreclosure. They allege that they stand ready and willing to abide by the terms of the agreement insofar as the same can be applied to the Northwest Quarter of Section 28, ask that the court determine the amount due, and pray that the complaint be dismissed and that the

Stegmeiers be compelled to convey to the Gapperts the Northwest Quarter of Section 28 in consideration of the payment of an amount to be determined by the court as being due and payable under the terms of the contract as the same pertains to the Northwest Quarter of Section 28.

The Stegmeiers replied to the counterclaim. In their reply they allege that the Gapperts have failed to comply with the terms of the agreement in that they have failed to pay the full down payment and have failed to pay taxes and assessments which have accrued while the property has been in their possession. They conclude that the Gapperts have, therefore, waived the terms of the agreement and pray that the counterclaim be dismissed.

Prior to the commencement of the trial a pretrial hearing was held. The issues for trial were determined at the pretrial hearing. Although no formal order on pretrial was entered, it is clear from the record that the parties agreed that the Stegmeiers are the owners and entitled to possession of the Northwest Quarter of Section 28 and that the Gapperts are the owners and entitled to possession of the West Half of Section 21 and the North Half of the Northwest Quarter of Section 10, and that the only issue for trial was the question of the amount of damages to which the Stegmeiers should be entitled. Following trial, the court directed the entry of judgment in favor of the Stegmeiers for possession of the Northwest Quarter of Section 28 and awarded the Stegmeiers money damages for the reasonable use of the entire farm, before foreclosure, in the amount of $13,550, and for the reasonable use of the Northwest Quarter of Section 28 from and after the foreclosure to the date of trial in the amount of $3,728, for a total of $17,278; and credited against that amount the partial down payment of $5,000, leaving a balance of $12,278, to which the court added interest earned in the amount of $1,000, for a total money judgment of $13,278. The court ordered judgment in favor of the Gapperts against the Steg-

meiers for possession of the West Half of Section 21, less a tract of 49 acres which it was agreed the Stegmeiers did not own, and the North Half of the Northwest Quarter of Section 10, free and clear of any claim by the Stegmeiers. Judgment was entered accordingly.

In this appeal no claim is made that the award of damages for use and occupancy, if any is allowable at all, is improper as to amount.

Subsequent to the entry of judgment, both parties obtained new counsel for the purpose of the appeal. The new counsel for the Gapperts, who are the appellants here, have raised a number of new issues which were not raised in the trial court. It is the contention of the Gapperts on this appeal that the trial court should have dismissed the action on its own motion because it was instituted as an action to quiet the title when, in fact, it should have been in the form of an action to cancel a contract for deed. They treat the agreement to make a contract as a contract for deed. They claim that because the Stegmeiers were in default under the terms of their contract by having failed to pay the 1961 taxes, having failed to mention that part of the land was mortgaged, and having failed to disclose that they did not own 49 acres of the land described, the court erred in granting them any relief. They also claim that the court erred in determining damages for use and occupation during a period when the contract was still in full force and effect; that it was error to conclude that damages should be based on the rental value of the property, or to allow interest on the amount found due; and that the court also erred in concluding that the Stegmeiers were entitled to immediate possession of the Northwest Quarter of Section 28 or that the Gapperts were entitled to judgment for possession of the West Half of Section 21, less 49 acres, and the North Half of the Northwest Quarter of Section 10, subject to a money judgment in the amount of $13,278. The Gapperts also contend that the court erred in not crediting

them with the sum of $16,222, which they paid for the purchase of the land from the holder of the sheriff's deed; that if the court had jurisdiction of the subject matter it should have determined the amount due upon the contract, after allowing proper credits, and fixed a period of time in which the Gapperts would be permitted to redeem. It is the position of the Gapperts on this appeal, by their new counsel, that the relationship created by the agreement to make a contract constitutes the parties as vendors and purchasers and not that of landlords and tenants and that the Stegmeiers, as vendors, cannot recover for the use and occupation of the premises as long as the agreement, which the Gapperts construe as a contract for deed, had not been cancelled or terminated. The Gapperts also argue that the interests or estate of the Gapperts in the land is still permissive and not adverse under the contract as there has been no termination, by cancellation or otherwise, of the contract. These arguments are based on the contention that the issues relative to ownership and rights of possession of the lands were not settled by agreement.

We have reviewed the record made at the pretrial conference and, also, the one made at the trial of this action and determine that the issues of possession and ownership of the respective parcels of land involved in this action were resolved by the parties through their respective counsel and were settled and agreed to by pretrial agreement, which was reconfirmed at the trial, and that the only issue for trial was the question of damages. A transcript of the pretrial conference is included as a part of the settled statement of the case. These transcripts, in part, read as follows:

(Mr. LaGrave was the attorney for the Stegmeiers and Mr. Brown was the attorney for the Gapperts at the pretrial hearing and at the trial.)

"MR. LaGRAVE: Further in the conference I should like to take up this question. I note that in Defendants' Brief on top of page 2 he states that the issues I

believe that he is ignoring one issue or is he conceding it to return possession of Northwest of 28, do you concede that that the plaintiffs do have right to the return of the Northwest Quarter of 28?

"MR. BROWN: It's conceded and I believe I can speak for the defendant that isn't present, the plaintiff is entitled to return of Northwest Quarter of 28.

"MR. LaGRAVE: We are now [not] actually dealing with the Contract for Deed here. I don't think there is any question so far as redemption period or anything of that nature, the Court even if it were dealing with a Contract for Deed could set it at nothing if there were a Contract for Deed. There is no question of any redemption period, is there?

"MR. BROWN: I don't believe so.

"THE COURT: As the Court understands it, the Northwest Quarter of 28 there is no issue before the Court, the Quarter will be returned to the plaintiff. It's a question of damages and off-sets only?

"MR. BROWN: What amount, if any, owed to the plaintiff and what off-sets by the defendants.

"THE COURT: Can we go a step further to the rest of the property, is it conceded to that property, is it in issue as to the ownership of the West Half?

"MR. BROWN: No.

"MR. LaGRAVE: No, there is no issue on that point.

"MR. BROWN: That was purchased by a third party after the foreclosure.

"THE COURT: I understand the plaintiff is not raising any issue as to the ownership of that now being in the hands of the defendant, the only thing the plaintiff is asking is for damages?

"MR. LaGRAVE: That's correct.

"MR. BROWN: I don't have anything further.

"MR. LaGRAVE: I believe we are in agreement on what the issue is.

"THE COURT: The issue is strictly a question of what, if any, the plaintiff is entitled to by reason of the agreement he and she entered into with the defendants, whether they are entitled to rents and profits from the use of this property including the Northwest of 28, whether there is any off-sets the defendants are entitled to by reason of payment, taxes paid I believe.

"MR. BROWN: Yes, there are various items paid up for the Court to decide.

"THE COURT: In other words the real issue before the Court is pretty much an accounting working out of debits and credits of the parties?

"MR. LaGRAVE: Yes.

"MR. BROWN: Basically.

"THE COURT: We don't have a title question here. The interpretation of that original agreement is important only in so far as to determining what one owes to the other, not whether or not the title of the property passed. The ownership of the property then will and remain the Northwest 28 in the plaintiffs and the rest of it in the defendants.

"MR. BROWN: Yes.

"MR. LaGRAVE: That's correct.

"THE COURT: That simplifies the matter quite a bit."

Upon commencement of the trial about seven weeks later, the court confirmed

the agreement made at the pretrial conference as follows:

"THE COURT: Before proceeding, the Court would like to just review the matters that were taken up at the pretrial conference at Mandan and as the Court recalls from his notes that there are really only one main issue left to be resolved, that the parties concede that the Northwest Quarter of 28 is to be returned to the possession of the plaintiffs and that the only and main issue here has to do with the West Half of 21 and the plaintiff in that case is conceding that the West Half of 21 is now owned by the defendants but that the plaintiff is entitled to or is asking for damages for the use of that property since the time of the execution of the original ageement. Does that sum up pretty well the issues before the Court, Mr. LaGrave?

"MR. LaGRAVE: I believe it does, Your Honor. * * *

*    *    *    *    *    *
"THE COURT: First of all, I will inquire of you, Mr. Brown, is that your position on the issues in this case then?

"MR. BROWN: Generally, yes.

"THE COURT: There is no issue on the ownership and possession of the Northwest of 28?

"MR. BROWN: Well, not as to ownership. It's still in the possession of the defendants technically I guess but this presumably will be resolved in this suit.

"Mr. LaGRAVE: I understood we had limited the issues to only one which is how much, if any, is due from the defendants to the plaintiffs for the use of the real property described in the Complaint that actually the question of the Northwest of 28 has been conceded and resolved by our pre-trial conference.

"THE COURT: My notes show, Mr. Brown, it's conceded by the parties that

possession be returned to the plaintiff as to the Northwest of 28.

"MR. BROWN: That's true, Your Honor. * * *"

On the basis of this agreement evidence was introduced by both parties relative to the value of use and occupancy, and set-offs. In other words, the only evidence introduced went to the question of damages on the theory that the issues as to the right of ownership and possession had been resolved and settled by agreement, which settlement was accepted by the court. The settlement completely disposed of the claims of the respective parties under the terms of the agreement to make a contract except as its terms might have a bearing upon the question of damages to which the Stegmeiers, as plaintiffs, might be entitled.

The issues which are now raised by the Gapperts, through their new counsel on this appeal, were not raised in or considered by the trial court. These issues were settled by the parties themselves when they agreed to a disposition of the lands and advised the trial court, in open court, of the terms.

■ We need not determine, in this case, whether an action to quiet title would or would not lie under the circumstances. The district court is one of general jurisdiction. It has "original jurisdiction, except as otherwise provided in this constitution, of all causes both at law and equity, * * *" North Dakota Constitution, Section 103. Therefore it "has power to determine all controversies or questions of difference which can possibly be made the subject of civil action." Lobe v. Bartaschawich, 37 N.D. 572, 164 N.W. 276 (1917); Trott v. State, 41 N.D. 614, 171 N.W. 827, 4 A.L.R. 1372 (1919); Rasmusson v. Schmalenberger, 60 N.D. 527, 235 N.W. 496 (1931); Enderlin v. Pontiac Twp., 62 N.D. 105, 242 N.W. 117 (1932). It is not denied that the district court has jurisdiction over the subject matter and might properly decide the questions involved, provided the

proper procedure had been adopted in bringing the action. The Gapperts do not challenge the jurisdiction of the court over the subject matter of the controversy but claim that the wrong method was adopted in bringing the same before the court for determination. However, the procedure was adopted by the parties themselves. They voluntarily conferred jurisdiction upon the district court and restricted the issue for trial to the single question of damages. The issue of ownership of the various parcels of land was settled by agreement made in open court which was accepted by the court and incorporated in its judgment. This had the effect of terminating the agreement to make a contract for deed.

As the stipulation or agreement which was entered into between the parties hereto settled their respective claims and restricted the issue for trial solely to the question of damages, we need not consider the arguments of the Gapperts as contained in their specifications of error and asserted for the first time in this court. If there was error in the commencement of the action, the matter was resolved by the agreement or stipulation of the parties before a court of general jurisdiction, which would also have jurisdiction if the action had been brought for foreclosure or cancellation of a land contract.

An issue which is neither raised nor considered in the trial court cannot be raised on appeal. McDonald v. Abraham, 75 N.D. 457, 28 N.W.2d 582 (1947); Maher v. Ramsey County, 75 N.D. 760, 32 N.W.2d 679 (1948); Megarry Bros. v. City of St. Thomas, 66 N.W.2d 704 (N.D. 1954); Newcastle Drilling Company v. Thorndal, 105 N.W.2d 332 (N.D.1960); Bank of Killdeer v. Fettig, 129 N.W.2d 365 (N.D.1964).

The judgment of the district court is affirmed.

STRUTZ, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.